J-S18043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRELL DEBARGE GABLE | : | |
| | : | |
| Appellant | : | No. 1190 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 4, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000292-2016,
CP-67-CR-0000293-2016

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY STEVENS, P.J.E.:                **FILED MAY 14, 2019**

Appellant, Terrell Debarge Gable, appeals from the judgment of sentence entered by the Court of Common Pleas of York County.  Upon review, we quash this appeal.

Given our disposition of the present matter, a complete recitation of facts and procedural history is unnecessary.  Relevant for our purposes is that a consolidated jury trial on January 16, 2018, through January 18, 2018, resulted in Appellant's conviction at both docket number 292-2016 on Counts 1 (Indecent Assault, Person Less than 13 Years of Age) and 3 (Corruption of Minors) and docket number 293-2016 at Counts 7 (Corruption of Minors) and 8 (Involuntary Deviate Sexual Intercourse).

On June 4, 2018, the court imposed an aggregate sentence of 17 to 34 years' confinement.  Because of a change in counsel, the court granted

_____

\* Former Justice specially assigned to the Superior Court.

Appellant an extension of time in which to file a post-sentence motion, but new counsel opted against such a filing. On July 3, 2018, Appellant, acting through counsel, filed this timely, single notice of appeal comprising both docket numbers.

In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. June 1, 2018), the Supreme Court of Pennsylvania addressed the issue of filing separate notices of appeal when a single order resolves issues arising on more than one trial court docket. **See id**. at 971 ("We also hold, however, that *prospectively*, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."); **id**. at 977 ("While we do not quash the present appeal in this instance, in future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.") (footnote omitted) (emphasis added).

Since Appellant's appeal was filed after **Walker** was decided, this Court issued an order on August 7, 2018, directing Appellant to show cause why the appeal should not be quashed pursuant to **Walker**. Appellant's counsel responded that the decision in **General Electric Credit Corporation v. Aetna Casualty and Surety Company**, 263 A.2d 448 (Pa. 1970) should be

construed as providing an exception to **Walker**.[1]  In the alternative, counsel stated he was unaware of the **Walker** decision at the time he filed Appellant's notice of appeal.  This Court discharged the show-cause order on August 30, 2018.

It is undisputed that Appellant filed a single notice of appeal from a judgment of sentence filed at two docket numbers.  Because Appellant filed his notice of appeal after our Supreme Court's decision in **Walker**, we must quash this appeal.  **See Commonwealth v. Williams**, --- A.3d ----, 2019 Pa.Super. 81 *2 (filed March 20, 2019) (quashing non-compliant notice of appeal filed after **Walker**).[2]

Appeal quashed.

_____

[1] In **Walker**, the Supreme Court explained that under **General Electric**, quashal was unnecessary in the case before it where a single notice of appeal applies to multiple orders when (1) the issues raised are "substantially identical," (2) the appellee raised no objection, and (3) the time to file an appeal has expired.  What counsel fails to acknowledge is that the **Walker** Court explicitly held "**prospectively**, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," and the failure to do so "will result in quashal of the appeal." **Id.** at 971, 977 (emphasis supplied and footnote omitted).  Accordingly, the prospective mandate in **Walker** controls Appellant's post-**Walker** notice of appeal.

[2] Appellant suggests it would be unduly harsh to apply **Walker** to his case when counsel was unaware of the decision, which predated his notice of appeal by only one month.  The Pennsylvania Supreme Court, however, carved out no exception to the **Walker** mandate, and we have no authority to do so.

- 3 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/14/2019