J-S26022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JERMAINE HENDERSON | : | |
| | : | |
| Appellant | : | No. 1794 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012686-2011,
CP-51-CR-0012688-2011

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED JUNE 03, 2019**

Appellant, Jermaine Henderson, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for two counts of robbery and one count each of first-degree murder, attempted murder, aggravated assault, and carrying firearms in public in Philadelphia.[1] Based on our Supreme Court's decision in **Commonwealth v. Walker**, ___ Pa. ___, 185 A.3d 969 (2018), however, we must quash the appeal.

The relevant facts and procedural history of this case are as follows. On December 19, 2010, Appellant robbed and shot two victims. Victim 1 died as a result of his gunshot wounds, but Victim 2 survived the three bullet wounds

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(i), 2502(a), 901(a), 2702(a), and 6108, respectively.

---

* Retired Senior Judge assigned to the Superior Court.

to his knee, hand, and forearm. The Commonwealth subsequently charged Appellant at separate docket numbers for each victim: Docket No. 12688-2011 for Victim 1, and Docket No. 12686-2011 for Victim 2. Following a trial on June 18, 2013, a jury convicted Appellant of first-degree murder, robbery, and carrying firearms in public in Philadelphia at Docket No. 12688-2011, and attempted murder, aggravated assault, and robbery at Docket No. 12686-2011. The court sentenced Appellant at both docket numbers to an aggregate term of life without parole ("LWOP"), plus twenty (20) to forty (40) years' incarceration.

On July 24, 2015, this Court dismissed Appellant's direct appeal as untimely. Appellant filed a *pro se* Post Conviction Relief Act ("PCRA") petition on September 8, 2015, and the PCRA court appointed counsel. Counsel filed an amended PCRA petition on August 29, 2017, and on June 15, 2018, the court entered an order granting PCRA relief and reinstating Appellant's direct appeal rights *nunc pro tunc*. On June 20, 2018, Appellant timely filed a single notice of appeal *nunc pro tunc* concerning both docket numbers. The court ordered Appellant on June 25, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on July 18, 2018. On August 31, 2018, this Court issued a rule to show cause why the appeal should not be quashed in light of **Walker**. This Court discharged the rule to show cause on September 20, 2018, and referred the issue to the merits panel.

Appellant raises the following issues for our review:

IS [APPELLANT] ENTITLED TO AN ARREST OF JUDGMENT ON ALL CHARGES WHERE, AS HERE, THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE VERDICT?

IS [APPELLANT] ENTITLED TO A NEW TRIAL AS THE RESULT OF COURT ERROR WHERE THE COURT DENIED DEFENSE OBJECTIONS TO THE TESTIMONY OF DETECTIVE CARL WATKINS CONCERNING PEOPLE IN THE NEIGHBORHOOD WHO WERE AFRAID OF RETALIATION AND THE LACK OF COOPERATION OF RAHSUL ISAACS AND STEPHANIE BRUNSON?

IS [APPELLANT] ENTITLED TO A NEW TRIAL AS THE RESULT OF COURT ERROR WHEN THE COURT DENIED DEFENSE OBJECTIONS TO THE TESTIMONY OF DETECTIVE VERRECHIO CONCERNING THE RESULTS OF AN UNRELATED MURDER TRIAL?

IS [APPELLANT] ENTITLED TO A NEW TRIAL AS THE RESULT OF COURT ERROR WHICH PERMITTED THE PROSECUTOR TO CROSS-EXAMINE [APPELLANT] ABOUT A POTENTIAL ALIBI WITNESS BUT WHERE THE NOTICE OF ALIBI HAD BEEN WITHDRAWN PRIOR TO TRIAL?

(Appellant's Brief at 3).

Preliminarily, on June 1, 2018, the **Walker** Court held that the common practice of filing a single notice of appeal from an order involving more than one docket will no longer be tolerated, because the practice violates Pa.R.A.P. 341, which requires the filing of "separate appeals from an order that resolves issues arising on more than one docket." **Walker, supra** at ___, 185 A.3d at 977. The failure to file separate appeals under these circumstances "requires the appellate court to quash the appeal." **Id.** In its decision, the Court also directed the Appellate Procedural Rules Committee to adjust the language of

the Official Note to Rule 341 or, as an alternative, to add an amendment to Rule 341 explicitly stating the requirement of filing separate notices of appeal from a single order resolving issues arising on more than one docket.[2] *Id.*

Instantly, Appellant filed a single notice of appeal from the judgment of sentence entered at two separate docket numbers. Appellant's single notice of appeal was filed on June 20, 2018, which postdates and is therefore bound by the *Walker* decision, and must be quashed. Accordingly, we quash this appeal.

Appeal quashed.

President Judge Panella joins this memorandum.

Judge Pellegrini files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/19

---

[2] We are cognizant of the dissent in *Matter of M.P.*, 204 A.3d 976 (Pa.Super. 2019), which advocates that *Walker* should not apply until after the Appellate Procedural Rules Committee updates the language of the Official Note to Rule 341 or adds an amendment to Rule 341 to conform to *Walker*. We also recognize that *Walker* did not allow for a waiting period. Instead, *Walker* intends to enforce the Official Note to Rule 341 as already written, which requires separate notices of appeal when "one or more orders resolves issues arising on more than one docket or relating to more than one judgment…." *See* Pa.R.A.P. 341, Official Note. Thus, *Walker* compels us to quash the appeal under the circumstances of this case.