J-M09001-19

2019 PA Super 264

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- |
| v. | |
| DANIEL CASEY (NO. CP-14-CR-1377-2017, CP-14-CR-0781-2018, CP14-CR-1536-2018) | |
| Petitioner | No. 7 MDM 2019 |

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- |
| v. | |
| BRENDAN PATRICK YOUNG (NO. CP-14-CR-1389-2017, CP-14-CR-0784-2018, CP-14-CR-1540-2018) | |
| Petitioner | No. 7 MDM 2019 |

Petition for Permission to Appeal filed February 14, 2019, from the
November 26, 2018 Order, as Amended by the January 15, 2019 Order
In the Court of Common Pleas of Centre County
Criminal Division at Nos: CP-14-CR-1377-2017; CP-14-CR-0781-2018;
CP1-4-CR-1536-2018; CP-14-CR-1389-2017; CP-14-CR-0784-2018;
CP-14-CR-1540-2018

BEFORE:  STABILE, McLAUGHLIN, and COLINS,[*] JJ

OPINION BY STABILE, J:

Petitioners, Daniel Casey and Brendan Young, seek permission to appeal

from the trial court's interlocutory pre-trial order upholding the

_____

* Retired Senior Judge assigned to the Superior Court.

constitutionality of the anti-hazing statute, 24 P.S. § 5353.[1]  As per the caption above, each Petitioner faces criminal charges at three separate docket numbers.  With this single, joint petition, Petitioners seek permission to appeal from six orders (one per docket).  In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court held that the Pennsylvania Rules of Appellate Procedure require separate notices of appeal from orders entered at separate dockets.  The **Walker** Court also directed that Rule 312 of the Pennsylvania Rules of Appellate Procedure,[2] which governs permissive appeals from interlocutory orders, be conformed to its holding.  We deny the instant petition in accord with **Walker**.

The charges in this case arise out of Petitioners' alleged conduct at fraternity pledging events.  Petitioners filed pre-trial motions arguing that the anti-hazing statute creates an unconstitutional mandatory presumption in the Commonwealth's favor and that the statute is vague and overbroad.  On November 26, 2018, the trial court entered orders denying relief on the constitutional argument but granting, in part, Petitioners' motions to suppress

_____

[1]  Our General Assembly repealed § 5353 after the Commonwealth filed charges against Petitioners.  The current anti-hazing statute is codified at 18 Pa.C.S.A. § 2802.

[2] "An appeal from an interlocutory order may be taken by permission pursuant to Chapter 13 (interlocutory appeals by permission)."  Pa.R.A.P. 312.

evidence.[3]  On January 15, 2019, the trial court amended its order to reflect its opinion that the constitutionality of the anti-hazing statute "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter[,]" as per 42 Pa.C.S.A. § 702(b).  This timely petition pursuant to Pa.R.A.P. 312 and 1311(b)[4] followed.  Because we conclude the petition is fatally deficient under *Walker*, we do not reach the merits of Petitioners' arguments.

In *Walker*, the Commonwealth filed a single notice of appeal from an order disposing of four suppression motions from four defendants at four separate dockets.  *Walker*, 185 A.3d at 971.  The defendants, who were together in a vehicle when police stopped it, argued that police lacked

_____

[3]  The Commonwealth appealed the suppression orders as of right pursuant to Pa.R.A.P. 311(d).  The Commonwealth filed a single notice of appeal as to each defendant, thus creating *Walker* issues in those appeals as well.  The merits panel presiding over the Commonwealth's appeals will address the *Walker* issues in those cases, upon which we express no opinion herein.  The instant matter is procedurally distinct because the petition for permissive interlocutory appeal first must be granted before it may be heard by a merits panel under Rule 312, unlike an interlocutory appeal as of right under Rule 311.

[4]  Rule 1311(b) provides, in relevant part, that "[p]ermission to appeal from an interlocutory order containing the statement prescribed by 42 Pa.C.S.A. § 702(b) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order in the lower court[.]"  Pa.R.A.P. 1311(b).

reasonable suspicion.  *Id.*  The trial court agreed, and the Commonwealth filed an interlocutory appeal as of right pursuant to Pa.R.A.P. 311(d).  *Id.* at 971-72.  In holding that the Commonwealth's single notice of appeal was improper, our Supreme Court looked both to the Official Comment and the Official Note to Pa.R.A.P. 341[5].  The Court observed that the Official Comment provides a necessary clarification to Rule 341(a) by setting forth a bright-line requirement for future cases: "Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed."  *Id.* at 976 (quoting Pa.R.A.P. 341, Official Comment).  Likewise, it observed the Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal.  *Id.* at 976-77.  The Court declined to follow *Gen. Elec. Credit Corp. v. Aetna Cas. and Sur. Co.*, 263 A.2d 448 (Pa. 1970), which held that a single appeal from multiple orders may be permissible where, among other things, the issues involved are substantially identical (as is the case instantly).  The *Walker* Court therefore concluded "[g]iven the clarification provided by the amendment to the Official Note, the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more

---

[5]  Rule 341 governs appeals from final orders.

than one docket. The failure to do so requires the appellate court to quash the appeal." *Id.* at 977.[6]

Significantly, the *Walker* Court rejected the Commonwealth's contention that the Official Note to Rule 341 did not apply to its interlocutory appeal filed under Rule 311(d). *Id.* at 975 n.3.[7] The Court found the argument unpersuasive, as the Commonwealth had not presented any compelling argument as to why the rules relating to filing multiple appeals should differ under Rules 311(d) and 341(a). *Id.* Consonant with this conclusion, the *Walker* Court further directed its Appellate Procedural Rules Committee to amend the language of the Official Note to Rule 341 to state explicitly the requirement that separate notices of appeal must be filed when a single order resolves issues arising on more than one lower court docket. It also directed that the rules relating to interlocutory appeals (Pa.R.A.P. 311-313) be conformed to Rule 341 in this regard. *Id.* The instant petition, as explained above, comes to us pursuant to Rule 312. We therefore conclude that *Walker* is controlling here and that Petitioners' failure to file a separate

---

[6] The *Walker* Court applied its holding prospectively and declined to quash the Commonwealth's appeal in that case. *Id.* at 977. *Walker*, decided on June 1, 2018, predates Petitioners' February 14, 2019 petition.

[7] Likewise, the Supreme Court wrote that its holding would apply in cases of joint appeals (Pa.R.A.P. 512) or consolidation of multiple appeals (Pa.R.A.P. 513). *Id.* at 976.

J-M09001-19

appeal petition for each docket number is fatal to their petition for permission to appeal.

Petition denied.

Judge Colins joins the opinion.

Judge McLaughlin files a concurring opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/28/2019