**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 33 MAP 2017 |
| | : | |
| Appellant | : | Appeal from the Superior Court Order at |
| | : | No. 2299 EDA 2015 dated September |
| | : | 30, 2016, Reconsideration Denied |
| v. | : | December 5, 2016, Quashing the Bucks |
| | : | County Court of Common Pleas Order |
| | : | dated June 30, 2015, at Nos. CP-09- |
| TERRELL LARON WALKER, DAMAIRE | : | CR-0000100-2015, CP-09-CR- |
| WALLACE, QUASHAAD RODNEY | : | 0000101-2015, CP-09-CR-0000102- |
| JAMES AND MAURICE TOWNER JR., | : | 2015, CP-09-CR-0000103-2015 |
| | : | |
| Appellees | : | ARGUED: November 29, 2017 |

**OPINION**

**JUSTICE DONOHUE**                                    **DECIDED: June 1, 2018**

In this case, the Commonwealth filed a single notice of appeal from an order that disposed of four motions to suppress evidence filed by four criminal defendants (Appellees) at four different docket numbers. The Superior Court quashed the appeal, ruling that the Commonwealth was required to file four separate notices of appeal from the suppression order in connection with each of the Appellees' docketed criminal cases. For the reasons explained herein, we vacate the Superior Court's order. We also hold, however, that prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case.

In the early morning hours of October 26, 2014, Bristol Township Police Officer Dennis Leighton received a radio broadcast about a robbery at the Glen Hollow

Apartments, which indicated that the suspects were four African American men in a dark-colored Nissan Murano. Approximately forty-five minutes after receiving the radio call, Officer Leighton observed what he believed to be a dark-colored Nissan Murano carrying multiple African American men turn in front of him while he was stopped at an intersection. Officer Leighton followed the vehicle and eventually stopped it. While waiting for other officers to arrive on the scene, Officer Leighton observed that the vehicle was not a dark-colored Nissan Murano, but a grey Ford Escape. He also observed that the driver of the vehicle, Appellee Terrell Walker, was watching Officer Leighton closely in his rear and side-view mirrors, and that the passengers (Appellees Damaire Wallace, Quashaad Rodney James and Maurice Towner, Jr.) were moving around, occasionally dipping their shoulders down. After all four men were removed from the vehicle and handcuffed, the police looked into the vehicle and observed what they believed to be items taken from the Glen Hollow robbery. The vehicle was impounded and, after a warrant was obtained, searched. The search yielded various items believed to be tied to the Glen Hollow robbery. The men were arrested and subsequently charged, at separate docket numbers, with numerous crimes.

Each of the Appellees filed separate motions to suppress. While the arguments of the individual suppression motions varied in some respects, each Appellee argued that Officer Leighton lacked reasonable suspicion to effectuate the vehicle stop, thus necessitating suppression of all of the evidence and statements obtained thereafter. The trial court scheduled a hearing to consider the four suppression motions. Following the hearing, the trial court issued a single opinion and order granting the motions, agreeing with Appellees that Officer Leighton lacked reasonable suspicion. The caption

to the opinion and order set forth the names of each of the Appellees and listed the four docket numbers for their individual cases. Trial Court Findings of Fact, Conclusions of Law and Order, 6/30/2015.

The Commonwealth appealed the trial court's opinion and order to the Superior Court pursuant to Pennsylvania Rule of Appellate Procedure 311(d).[1] In so doing, however, the Commonwealth filed a single notice of appeal, on which it listed the four docket numbers of Appellees' cases. *See* Notice of Appeal, 7/27/2015. Upon receipt of this single notice of appeal, the Prothonotary of the Superior Court issued a rule to show cause why the appeal should not be quashed, as the Commonwealth did not file four separate appeals. The Commonwealth filed a response and resolution of the issue was deferred to the merits panel.

The merits panel rejected the Commonwealth's contention that the Superior Court should, as a matter of judicial economy, sua sponte consolidate Appellees' four appeals pursuant to Rules 512 and 513 of the Pennsylvania Rules of Appellate Procedure. *Commonwealth v. Walker*, 2299 EDA 2015, 2016 WL 5845208, at *2 (Pa. Super. Sept. 30, 2016). Rule 512 provides:

> Parties interested jointly, severally or otherwise in any order in the same matter or in joint matters or in matters consolidated for the purposes of trial or argument, may join as appellants or be joined as appellees in a single appeal where the grounds for appeal are similar, or any one or more of them may appeal separately or any two or more may join in an appeal.

---

[1] "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d).

Pa.R.A.P. 512.  As the panel noted, this rule applies where multiple parties seek to appeal a single order.  *Walker*, 2016 WL 5845208, at *2.* In the present instance, however, a single party (the Commonwealth) appealed from a single order that applies to multiple cases, and thus the rule can have no application.  *Id.*

Rule 513 states:

> Where there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal.  Appeals may be consolidated by stipulation of the parties to the several appeals.

Pa.R.A.P. 513.  The Superior Court likewise indicated that Rule 513 could not provide any relief in this circumstance, as this rule governs the consolidation of multiple appeals.  *Walker*, 2016 WL 5845208, at *2.*  Because the Commonwealth filed a single appeal, the Superior Court found that consolidation was not possible.  *Id.*

The Superior Court turned to the Official Note accompanying Rule 341 ("Final Orders; Generally").  The Official Note to Rule 341 provides, in relevant part, as follows:

> Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed." *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgment of sentence).

Pa.R.A.P. 341, Official Note.  The Superior Court concluded that this instruction required that the Commonwealth's appeal be quashed, as in this case separate notices of appeal were not filed in response to an order that resolved issues "arising on more than one docket."  *Walker*, 2016 WL 5845208, at *3.

The Commonwealth argued that the Official Note did not apply here because *C.M.K.* was distinguishable. According to the Commonwealth, *C.M.K.* involved a single appeal filed by two criminal defendants based upon two judgments of sentence (and for convictions on different charges with different sentences). In that circumstance, the Superior Court in *C.M.K.* held that it was required to quash the appeal because of the particular problems associated with a single (joint) appeal:

> From a purely logical standpoint, the problems inherent in criminal codefendants filing a joint appeal are readily apparent. In most cases, they would not have been convicted for identical actions. If, then, these codefendants raised a challenge to the sufficiency of the evidence, as Appellants here do, the evidence under evaluation would be different for each defendant, necessitating individualized arguments and analyses. The same would be true for challenges to different sentences.
>
> Some appellate issues may coincide; for instance, in this case, Appellants challenge ex parte contact between the prosecutor and a juror. The potential for prejudice from such contact would appear to be the same for each defendant. However, even this claim may not be treated by this Court in exactly the same fashion. Appellants were individually represented at trial; accordingly, the issue may have been preserved at trial by one defendant's counsel and not the other's. In this case, Appellants have filed one joint brief which contains only joint arguments. These co-defendants are distinctive from typical co-defendants only in that they are married to each other. However, this distinction is irrelevant to the issues on appeal.

*C.M.K.*, 932 A.2d at 113 (footnote omitted). Distinguishing *C.M.K.*, the Commonwealth argued that the present case does not involve defendants who have their own distinct issues. Commonwealth's Brief at 27-31. Instead, this appeal stemmed from a single suppression order equally applicable to all of the Appellees, with a single set of findings of fact and conclusions of law, relating to a single vehicle stop. *Id.*

The Superior Court disagreed, indicating that although the specific problems produced by a single order differed in *C.M.K.*, the Commonwealth's single appeal in this instance generated a different set of issues:

> For instance, affirming (or reversing) the suppression order may affect each defendant differently, depending on what evidence, if any, is still available for use by the Commonwealth at trial. Indeed, the results of such an appeal may ultimately affect circumstances which impact whether the codefendants should be jointly tried at all. Moreover, the Fourth Amendment and/or privacy rights of Appellees, as well as their standing to challenge the lawfulness of a search and/or seizure, could also differ between codefendants. Accordingly, although we agree that the specific concerns discussed in *C.M.K.* cannot arise in a Commonwealth's appeal from a suppression order affecting multiple codefendants, sufficiently similar or analogous hazards exist to justify the rule requiring the Commonwealth to file separate appeals with respect to each Appellee/codefendant.

*Walker*, 2016 WL 5845208, at \*3 (footnote omitted). For these reasons, the Superior Court held that the Commonwealth was required to file four separate notices of appeal, and that it lacked "the authority to manufacture a remedy for the Commonwealth, even if we were inclined to do so." *Id.* As a result, it quashed the Commonwealth's appeal.[2] *Id.* at \*4.

We granted the Commonwealth's request for discretionary review to consider whether the Superior Court erred in quashing the appeal. As this inquiry presents a

---

[2] President Judge Emeritus Stevens dissented, taking the view that quashal was not required by rule or law, and, to the contrary, that precedent from both this Court and the Superior Court provides that appeals should not be quashed where, as here, circumstances allow for the continuation of the appeal. *Walker*, 2016 WL 5845208, at \*4 (Stevens, P.J.E., dissenting) (quoting *Gen. Elec. Credit Corp. v. Aetna Casualty & Surety Co.*, 263 A.2d 448, 452-53 (Pa. 1970)).

question of law, our scope of review is plenary and the standard of review is de novo. *See, e.g.*, *Commonwealth v. Cooper*, 27 A.3d 994, 998 (Pa. 2011).

It does not appear that any Pennsylvania appellate court has ever squarely addressed the precise situation presented here, namely, where a single notice of appeal is filed in response to a single order that decides four motions to suppress in four cases with four different docket numbers. On multiple occasions, however, our appellate courts, including this Court, have considered the related circumstance where a single notice of appeal was filed to challenge multiple appealable orders. In these cases, this Court has long held that this practice is disfavored, though we typically have not quashed appeals on this basis. *See, e.g., Clark v. Clark,* 191 A.2d 417, 418 n.2 (Pa. 1963) ("Even though in this instance we render a decision on the merits, taking one appeal from several judgments and/or orders is not acceptable practice and is discouraged."); *Frailey Twp. Sch. Dist. v. Schuylkill Min. Co.,* 64 A.2d 788, 790 (Pa. 1949) ("A single appeal is incapable of bringing on for review more than one final order, judgment or decree. … But, happily in the circumstances here present, the situation so produced does not work any hardship."); *Jordan v. Eisele*, 116 A. 675, 676 (Pa. 1922) ("Where separate judgments were rendered in favor of husband and wife for injuries to the wife, it was error to permit a joint appeal by defendant, but where defendant elected to treat his joint appeal as one from the judgment for the wife alone, the motion to quash the appeal will be refused.").

In *General Electric Credit Corporation v. Aetna Casualty and Surety Company*, 263 A.2d 448 (Pa. 1970), this Court established a three-part test to decide whether quashal was warranted where a single notice of appeal was filed in response to multiple

final orders. After first acknowledging our prior admonitions that it "is not acceptable practice and is discouraged[,]" *id.* at 453, we indicated that quashal was nevertheless unnecessary where the particular circumstances of the case permitted effective appellate review; specifically: (1) where the issues raised as to both final orders were substantially identical; (2) where the defendants/appellees raised no objection to the improper procedure; and (3) where the period of time in which to file an appeal had run, such that the appellant would be denied appellate review if the appeal was quash the appeal. *Id.* We have applied this test in subsequent cases. *K.H. v. J.R.*, 826 A.2d 863, 870 (Pa. 2003) ("[A]ppellate courts have not generally quashed appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal has expired."); *Commonwealth v. Cronin*, 346 A.2d 59, 60 n.1 (Pa. 1975) ("Separate appeals should have been taken from each judgment, but in the absence of objection to the single appeal we will entertain it as filed.").

Our intermediate appellate courts have likewise applied the test announced in *General Electric*, with some occasional modifications. In a recent decision, *In the Interest of P.S.*, 158 A.3d 643, 648 (Pa. Super 2017), the Superior Court declined to quash a juvenile's appeal taken from both an order adjudicating him delinquent and a dispositional order entered following the revocation of his probation on the basis that the issues raised in each were closely related, the appellee did not object, and the appeal period had already expired. *Id.* at 648; *see also Chen v. Saidi*, 100 A.3d 587, 589 n.1 (Pa. Super. 2014). In other cases, the Superior Court broadened its inquiry and considered other factors, such as "the mandates of judicial economy[.]" *Sulkava v. Glaston Finland Oy*, 54 A.3d 884, 888 (Pa. Super. 2012); *TCPF Ltd. P'ship v. Skatell*,

976 A.2d 571, 574 n.4 (Pa. Super. 2009).  The Commonwealth Court has developed a different, seemingly heightened standard, requiring that there must be "compelling circumstances" to allow a single appeal from two or more final orders to continue and not be quashed.  *M.R. Mikkilineni v. Amwest Sur. Ins. Co.*, 919 A.2d 306, 311 (Pa. Commw. 2007) ("[T]he [Commonwealth] Court will quash single appeals from multiple orders unless otherwise dictated by compelling circumstances."); *Praskac v. Unemployment Comp. Bd. of Review*, 683 A.2d 329, 332-33 (Pa. Commw. 1996); *Croft v. Unemployment Comp. Bd. of Review*, 662 A.2d 24, 28 (Pa. Commw. 1995).

Here, the Commonwealth argues that the Superior Court erred in construing its function as attempting to "manufacture" a nonexistent remedy to permit appellate review, and that instead the Superior Court should have applied the above-discussed case law to determine whether, under the circumstances presented, it could reach the merits of the appeal.  Commonwealth's Brief at 29-30.  To this end, the Commonwealth asserts that the circumstances presented here satisfy *General Electric*'s three-part test.  First, the issues for all four Appellees are the same, as the suppression order disposed of a sole suppression claim common to each of them based upon "identical findings of fact and conclusions of law that was captioned with the docket number for each defendant."  *Id.* at 29.  While Appellees objected to the filing of a single notice of appeal in the Superior Court, the Commonwealth contends that they have suffered no prejudice as a result, as Appellees "had the opportunity to brief and argue the substantive [] issues to the Superior Court."  *Id.* at 28.  Finally, the time for filing notices of appeal has passed, and quashing the appeal will result in a lack of judicial review of the trial court's suppression decision.  *Id.* at 29.  In this regard, the Commonwealth notes that unlike

with criminal defendants, who may obtain collateral appellate review pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, no such relief is available to the Commonwealth. *Id.*

The Commonwealth further argues that the rule set forth in the Official Note to Rule 341 has no application here because the case cited in the Official Note (*C.M.K.*) is distinguishable.[3]  *Id.* at 27-31.  Mirroring its arguments in the Superior Court, the Commonwealth reminds that *C.M.K.* involved a single joint appeal (by a married couple) from two different judgments of sentence imposing different sentences for convictions of different crimes.  *Id.*  Here, in contrast, the Commonwealth argues that the Superior Court could have addressed the merits of the trial court's suppression order based upon the "identical findings of fact and conclusions of law" in connection with the "operative case law." *Id.*

Contrary to the arguments advanced by the Commonwealth, we agree with the Superior Court's analysis that led it to quash the present appeal.  The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a), which provides, in relevant part, that "an appeal may be taken from any final order of … a trial court."  Pa.R.A.P. 341(a).  Rule 341(a) does not, however, explicitly instruct as to whether a separate appeal must be taken from an order arising on more than one docket.  Pursuant to Pa.R.A.P. 107, we must, to the extent not

---

[3]  In its brief, the Commonwealth contends that neither Rule 341(a) nor its Official Note has any application here because it filed its appeal pursuant to Pa.R.A.P. 311(d) (permitting the filing of interlocutory appeals as of right from an order in a criminal case that the Commonwealth certifies will terminate the case or substantially handicap its prosecution).  Commonwealth's Brief at 27.  This argument is unpersuasive, however, as the Commonwealth has not presented any compelling argument as to why the rules relating to the filing of multiple appeals should differ under Rules 311(d) and 341(a).

inconsistent with any express provision of the appellate rules, construe our Rules of Appellate Procedure in consonance with the rules of statutory construction in the Statutory Construction Act, 1 Pa.C.S. §§ 1901-1991. *Commonwealth v. Far*, 46 A.3d 709, 712–13 (Pa. 2012). The object of all interpretation is to ascertain and effectuate the intent of the drafters, a task that is best accomplished by considering the language of the provisions at issue. *Commonwealth v. Pressley*, 887 A.2d 220, 223 n.5 (Pa. 2005); 1 Pa.C.S. § 1921(a). When the language is not explicit, however, the Court must consider various other indicia of intent, such as the object and necessity of the rule and the mischief meant to be remedied. *Commonwealth v. Sloan*, 907 A.2d 460, 465 (Pa. 2006); 1 Pa.C.S. § 1921(c). Procedural rules should be construed to give effect to all their provisions, and a single rule should not be read in a vacuum, especially where there is a relationship between different rules. *Commonwealth v. Revtai*, 532 A.2d 1, 5 (Pa. 1987); 1 Pa.C.S. § 1921(a). We may also consult the explanatory comments of the rules committee to aid in our construction of the rule's text. *Far*, 46 A.3d at 712–13 (citing *Commonwealth v. Lockridge*, 810 A.2d 1191, 1195 (Pa. 2002)).

The 2013 amendment to the Official Comment provides a necessary clarification to Rule 341(a) by setting forth a bright line requirement for future cases: "Where … one of more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed." Pa.R.A.P. 341, Official Note. Rule 341(a) must be read consistently with the rules regarding multiple appeals, including Rules 512 and 513. As quoted above, these rules govern joint appeals (Rule 512) and the consolidation of multiple appeals (Rule 513). In the present case, where the Commonwealth filed a single notice of appeal from an order arising on more than

one docket, the Commonwealth effectively, and improperly, consolidated the appeals in the Appellees' four cases for argument and joint resolution, without either the approval of the Superior Court or the agreement of the Appellees. Rule 513, by its terms, provides that consolidation is a determination that must be made by "the appellate court, at its discretion," absent a stipulation by all parties to the several appeals. Pa.R.A.P. 513.

The Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. The contrary practice utilized in this circumstance by the Commonwealth will often result in unintended consequences, as the appellate court, in deciding the single appeal, must "go behind" the notice of appeal to determine if the same facts and issues apply to all of the appellees. As the Superior Court in this case observed, the suppression order at issue here may affect one or more of the Appellees differently from the rest, including, for example, the remaining evidence (if any) against each Appellee that may be used at trial (which, in turn, may implicate whether all or some of the Appellees should be tried in a single joint trial). *Walker*, 2016 WL 5845208, at *3. The legal issues relating to suppression, e.g., the standing of each defendant to challenge the search and seizure, may also differ from one Appellee to the next. *Id.* Given the clarification provided by the amendment to the Official Note, the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal.

We will not, however, apply the mandate of the Official Note in the present circumstance. The amendment to the Official Note to Rule 341 was contrary to

decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result. Moreover, the citation to the Superior Court's decision in *C.M.K.* was itself unclear, as that case was arguably not inconsistent with the three-part test in *General Electric*, because *C.M.K.* involved an attempt to file a joint appeal solely on the grounds that the two criminal defendants were married (even though they had received different sentences for convictions of different crimes). The clear suggestion from the citation to *C.M.K.* in the Official Note was that the instruction to file separate appeals applies **only** in circumstances similar to those presented in that case. We note, for example, that in the Superior Court's recently published decision in *In the Interest of P.S.*, the court interpreted the Official Note to apply only where separate appeals are necessary because review of the orders in question requires "individualized arguments, separate appellate analyses of the evidence, and distinct examination of the different sentences imposed." *In the Interest of P.S.*, 158 A.3d at 648. Finding its case distinguishable from *C.M.K.* on this basis, the Superior Court in that case declined to quash the appeal after applying the *General Electric* three-part test. *Id.*

While we do not quash the present appeal in this instance, in future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.[4]

---

[4] Our holding here has no impact on the rule that a party need only file a single notice of appeal to secure review of all non-final orders that are rendered final and appealable by the entry of a final order. *See K.H. v. J.R.*, 826 A.2d 863, 871 (Pa. 2003)).

We further direct our Appellate Procedural Rules Committee to amend the language of the Official Note to Rule 341 in light of this Opinion, and to consider further, as an alternative, an amendment to Rule 341 to state explicitly the requirement that separate notices of appeal must be filed when a single order resolves issues arising on more than one lower court docket. The rules relating to interlocutory appeals (Pa.R.A.P. 311-313) shall be conformed, as necessary, to Rule 341 in this regard.

Order reversed. Case remanded.

Chief Justice Saylor and Justices Baer, Todd, Dougherty and Wecht join the opinion.

Justice Mundy files a concurring and dissenting opinion.