J-S05021-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :         PENNSYLVANIA
                                     :
             v.                          :
                                     :
                                     :
ANTHONY JOHN ALDRICH             :
                                     :
           Appellant             :      No. 986 WDA 2018

Appeal from the Judgment of Sentence Entered May 21, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000167-2018,
CP-25-CR-0003228-2017, CP-25-CR-0003230-2017,
CP-25-CR-0003789-2017

BEFORE:    PANELLA, P.J., NICHOLS, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY NICHOLS, J.:            FILED MARCH 11, 2019

Appellant Anthony John Aldrich appeals from the judgment of sentence imposed following his guilty pleas to multiple offenses at four trial court docket numbers. Appellant argues that the trial court's imposition of consecutive sentences resulted in a manifestly excessive aggregate term of imprisonment. In light of the Pennsylvania Supreme Court's decision in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018), we quash.

The relevant facts giving rise to this appeal are well known to the parties, and we need not restate them here. The trial court sentenced Appellant at four separate docket numbers on May 21, 2018. Appellant filed a post-sentence motion nunc pro tunc on June 6, 2018. The motion listed all

_____

[*] Retired Senior Judge assigned to the Superior Court.

four docket numbers in the caption. On June 7, 2018, the court denied Appellant's post-sentence motion nunc pro tunc. In its order, the court expressly provided that Appellant "has a right to appeal within thirty (30) days of the date of this Order." Order, 6/7/18.

On July 5, 2018, Appellant filed one notice of appeal.[1] Again, Appellant listed all four trial court docket numbers in the caption. This Court subsequently issued a rule to show cause why the appeal should not be quashed.[2] Appellant filed a response and resolution of the issue was deferred to this panel.

"Where . . . one or more orders resolves [sic] issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." Pa.R.A.P. 341, Note (citation omitted). On June 1, 2018, the Pennsylvania Supreme Court decided Walker and emphasized, "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." Walker, 185 A.3d at 976-77. Further, the Court announced, "in future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal

_____

[1] The certified record includes only one copy of the notice of appeal, which is attached to the documents from trial court docket number 3228-2017. The record contains no evidence to demonstrate that Appellant filed separate notices of appeal for all four trial court dockets.

[2] The rule to show cause erroneously stated that Appellant filed the notice of appeal on June 1, 2018.

must be filed.  The failure to do so will result in quashal of the appeal."  Id. at 977 (footnote omitted).

Instantly, Appellant filed a single notice of appeal from the judgment of sentence imposed at four separate docket numbers on July 5, 2018.  Because Appellant filed the notice of appeal after the Supreme Court's decision in Walker, we must quash this appeal.

Appeal quashed.  Jurisdiction relinquished.
Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/11/2019</u>