J-S47023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN RE: ADOPT. A.R., M.K., S.K., MINORS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| APPEAL OF: J.K. | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 437 MDA 2019 |

Appeal from the Order Dated February 11, 2019
In the Court of Common Pleas of Northumberland County Orphans' Court
at No(s): ADOPTEE #10-2018,
ADOPTEE #11-2018, ADOPTEE #12-2018

BEFORE: DUBOW, J., NICHOLS, J., and MUSMANNO, J.

JUDGMENT ORDER BY NICHOLS, J.:          **FILED SEPTEMBER 04, 2019**

J.K. (Mother) appeals from the decrees that granted involuntary termination of her parental rights to her minor children, A.R., M.K., and S.K. (collectively, Children). In light of the Pennsylvania Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), we quash.

The relevant facts giving rise to this appeal are well known to the parties, and we need not restate them here. On March 6, 2019, Mother filed a single notice of appeal referencing the three separate trial court docket numbers associated with Children.[1] This Court subsequently issued a rule to show cause why the appeal should not be quashed. Appellant filed a response and resolution of the issue was deferred to this panel.

---

[1] Although the trial court docketed the appeal at all three docket numbers, the certified record contains only one notice of appeal, filed at #10-2018.

In **Walker**, the Pennsylvania Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971. The Court explained that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Id.** at 976-77. Further, the Court announced, "in future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." **Id.** at 977 (footnote omitted); **see In re M.P.**, 204 A.3d 976, 981 (Pa. Super. 2019) (applying **Walker** to an appeal involving the termination of parental rights); **see also Commonwealth v. Creese**, ___ A.3d ___, 2019 WL 3812232 (Pa. Super. Aug. 14, 2019), (stating that "we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead, a notice of appeal may contain only one docket number" (footnote omitted)).

Instantly, Mother filed a single notice of appeal from the orders terminating her parental rights at three separate docket numbers on March 9, 2019. Because Mother filed the notice of appeal after the Supreme Court's decision in **Walker** and this Court's decision in **M.P.**, we are constrained to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2019