J-S43008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SONJA PAIGE HARTMAN | : | |
| | : | |
| Appellant | : | No. 1718 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 1, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0000892-2018,
CP-22-CR-0002218-2017, CP-22-CR-0006551-2017

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.E.:       **FILED SEPTEMBER 13, 2019**

Appellant, Sonja Paige Hartman, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following her guilty plea to aggravated assault, endangering the welfare of children ("EWOC"), driving while operating privilege is suspended/revoked, theft of services, hindering apprehension/prosecution, theft by unlawful taking, conspiracy to commit theft by unlawful taking, and false reporting.  Based on our Supreme Court's decision in ***Commonwealth v. Walker***, ___ Pa. ___, 185 A.3d 969 (2018), we must quash the appeal.

The relevant facts and procedural history of this case are as follows.  In 2017, the Commonwealth charged Appellant at Docket No. 2218-2017, with aggravated assault, EWOC, and driving while operating privilege is suspended/revoked.  The charges stemmed from a video of Appellant striking

_____
*   Former Justice specially assigned to the Superior Court.

her son's head with her fist while he was buckled into a car seat. Subsequently, the Commonwealth charged Appellant at Docket No. 6551-2017, with theft of services for repeatedly driving on the Pennsylvania Turnpike without paying tolls. Finally, at Docket No. 892-2018, the Commonwealth charged Appellant with hindering apprehension/prosecution, theft by unlawful taking, conspiracy to commit theft by unlawful taking, and false reporting. The charges arose from Appellant's report of a robbery at the Subway restaurant where she worked. Appellant's cell phone records, however, revealed she and her boyfriend had conspired to rob the Subway restaurant.

On June 7, 2018, Appellant entered open guilty pleas at all three docket numbers. With the benefit of a pre-sentence investigation ("PSI") report, the court sentenced Appellant on August 1, 2018, to an aggregate term of two and one-half (2½) to seven (7) years' incarceration, plus five (5) years' probation. On Monday, August 13, 2018, Appellant timely filed a post-sentence motion, which the court denied on September 6, 2018. Appellant filed a single notice of appeal at all three docket numbers on October 5, 2018. On October 8, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on October 26, 2018.

Preliminarily, on June 1, 2018, the **Walker** Court held that the common practice of filing a single notice of appeal from an order involving more than

one docket number would no longer be tolerated, because the practice violates Pa.R.A.P. 341, which requires the filing of "separate appeals from an order that resolves issues arising on more than one docket." **Walker, supra** at ___, 185 A.3d at 977. The failure to file separate appeals under these circumstances "requires the appellate court to quash the appeal." **Id.**

Instantly, Appellant filed a single notice of appeal from the judgments of sentence at three separate docket numbers. Appellant's single notice of appeal was filed on October 5, 2018, which postdates the **Walker** decision. In this Court's January 18, 2019 order, we directed Appellant to show cause why the appeal should not be quashed under the **Walker** rule. In response, Appellant acknowledged she mistakenly filed a single notice of appeal for all three docket numbers, in reliance on the previous interpretation of the rule. Absent more, we are bound by the **Walker** decision and must quash this appeal.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019