J-A19023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MAHDI DALI | : | No. 3677 EDA 2018 |

Appeal from the Order Entered December 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001906-2017,
CP-51-CR-0003042-2017

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED NOVEMBER 17, 2020**

The Commonwealth appeals the grant of a new trial for Mahdi Dali. We quash this appeal pursuant to **_Commonwealth v. Walker_**, 185 A.3d 969 (Pa. 2018).

On August 9, 2018, a jury found Dali guilty of Attempted Aggravated Indecent Assault Without Consent, Simple Assault, and Indecent Assault Without Consent of Others, at docket number 1906-2017.[1] In the same trial, it also found him guilty of Contempt for Violation of Order or Agreement and Terroristic Threats, at docket number 3042-2017.[2] The trial court sentenced Dali to an aggregate term of 24 months reporting probation at docket 1906, and imposed no further penalty at docket 3042. Dali was also required to

_____

[1] 18 Pa.C.S.A. §§ 901(a), 3125(a)(1), 2701(a), and 3126(a)(1), respectively.

[2] 23 Pa.C.S.A. § 6114(a) and 18 Pa.C.S.A. § 2706(a)(1), respectively.

register as a lifetime registrant under the Sex Offender Registration and Notification Act.

On October 24, 2018, Dali filed a post-sentence motion, listing both dockets, arguing that the verdict was against the weight of the evidence "as there was insufficient evidence to sustain the verdict due to numerous inconsistences in the testimony of the Commonwealth witnesses, thereby causing the jury to speculate and/or guess." Post Sentence Motions, filed 10/24/18. The trial court granted the motion, vacated the judgments of sentence, and granted Dali a new trial.

The Commonwealth filed a timely appeal but submitted only one notice of appeal listing both docket numbers. This Court issued a rule to show cause why the appeal should not be quashed under **Walker**. The Court in **Walker** held that in subsequent cases "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." 185 A.3d at 977. A failure to do so requires the appellate court to quash the appeal. **Id.**

In its response to the rule to show cause, the Commonwealth stated that it was a "clerical oversight in filing this as a single notice of appeal." Commonwealth's Response to Order to Show Cause at ¶ 3. It asked the Court not quash the appeal "but instead strike the second-listed bill (3042-2017) and allow the Commonwealth to proceed with its appeal on the lead bill for which [Dali] received a sentence (1906-2017)." **Id.** at ¶ 5. The Court

discharged the rule to show cause, leaving it to the panel of this Court to decide the matter.

We are unpersuaded by the Commonwealth's suggestion that because Dali was sentenced to no further penalty at docket 3042, we should quash the appeal only as to that docket. The trial court found the verdicts at both docket numbers 3042 and 1906 to be against the weight of the evidence because of testimony about what the trial court termed Dali's "racially inflammatory" statements that the complainant "was a Jew, that all Russians are Jews, and he hated Jews," and the complainant's statement that Dali's father "was a terrorist and you are like him." The issues on appeal do not relate to only one docket number, and the fact that the court imposed no further sentence at docket 3042 is beside the point.

Appeal quashed.

President Judge Panella joins the Memorandum.

Judge McCaffery files a Dissenting Memorandum.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/17/2020</u>