J-S16041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY KNOBLE JR. | : | |
| | : | |
| Appellant | : | No. 2138 EDA 2020 |

Appeal from the PCRA Order Entered October 1, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001405-2015,
CP-48-CR-0001413-2015, CP-48-CR-0003844-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY KNOBLE JR. | : | |
| | : | |
| Appellant | : | No. 2139 EDA 2020 |

Appeal from the PCRA Order Entered October 1, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001405-2015,
CP-48-CR-0001413-2015, CP-48-CR-0003844-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY KNOBLE JR. | : | |
| | : | |
| Appellant | : | No. 2194 EDA 2020 |

Appeal from the PCRA Order Entered October 1, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001405-2015,

CP-48-CR-0001413-2015, CP-48-CR-0003844-2015

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 23, 2021**

Appellant Jeffrey Knoble appeals the order entered by the Court of Common Pleas of Northampton County denying his petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 2015, Appellant was charged at three separate dockets for multiple crimes.  At docket number 1405-2015, Appellant was charged with two counts of terroristic threats.  At docket number 1413-2015, Appellant was charged with homicide, robbery, and two counts of firearms not to be carried without a license.  At docket number 3844-2015, Appellant was charged with criminal mischief and unauthorized use of a vehicle.

Appellant filed numerous pre-trial motions, including a motion to suppress videos that police obtained from Appellant's cell phone in January 2016.  After a hearing, the trial court denied Appellant's suppression motion. On January 31, 2017, a jury convicted Appellant of first-degree murder and the remaining charges on the three dockets with the exception of the robbery charge.  On February 1, 2017, the trial court sentenced Appellant to life imprisonment for his murder conviction and multiple consecutive sentences on his remaining convictions.

---

* Former Justice specially assigned to the Superior Court.

On direct appeal, Appellant claimed, *inter alia*, that the trial court erred in refusing to suppress his cell phone videos which he alleged were retrieved by police in an invalid warrantless search. On May 24, 2018, this Court affirmed the judgment of sentence. **See Commonwealth v. Knoble**, 188 A.3d 1199 (Pa.Super. 2018). On November 28, 2018, our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Knoble**, 198 A.3d 332 (Pa. 2018).

On February 19, 2019, Appellant filed timely *pro se* PCRA petitions at all three dockets, again challenging the denial of his suppression motion. The PCRA court appointed Appellant counsel, who filed a no-merit letter and a petition to withdraw. On August 3, 2020, the PCRA court notified Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907 and allowed counsel to withdraw. Appellant did not respond to the Rule 907 notice.

On October 1, 2020, the PCRA court dismissed all three of Appellant's petitions at the same time as it found Appellant's suppression claim had been previously litigated. Appellant filed timely notices of appeal containing all three docket numbers at each of the three dockets. On February 26, 2021, this Court *sua sponte* consolidated the above-captioned appeals.

As a preliminary matter, we must determine whether Appellant complied with **Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969 (2018), in which our Supreme Court held that the official comment to Pa.R.A.P. 341 requires appellants to file separate notices of appeal "where a single order resolves

- 3 -

issues arising on more than one lower court docket[;] … failure to do so [prospectively] will result in quashal of the appeal." *Id*. at 470, 185 A.3d at 97. The *Walker* court held that its ruling would apply prospectively to any notice of appeal filed after its June 1, 2018 ruling. *Walker*, 646 Pa. at 469-70, 185 A.3d at 977.

This Court has subsequently held that an appellant does not violate *Walker* by including multiple docket numbers on a notice of appeal, as long as the appellant files separate notices of appeal at each trial court docket. *Commonwealth v. J. Johnson*, 236 A.3d 1141, 1148 (Pa.Super. 2020) (*en banc*), *overruling in part* *Commonwealth v. Creese*, 216 A.3d 1142 (Pa.Super. 2019). In that case, this Court specifically found that it was "indisputable that [the appellant] filed a separate notice of appeal for each of the four dockets below, because he italicized only one case number on each notice of appeal." *J. Johnson*, 236 A.3d at 114.

This Court reached a similar result in *Commonwealth v. R. Johnson*, 236 A.3d 63 (Pa.Super. 2020) (*en banc*), in concluding that the appellant did not violate *Walker* in filing three notices of appeal listing all three docket numbers on each notice of appeal. This Court was able to determine that the appellant had filed separate notices of appeal, finding the documents were "clearly distinct" based on the differing time stamps and their location on each document. *Compare Creese*, 216 A.3d at 1143 (finding *Walker* violation when court clerk accepted one notice of appeal for multiple dockets, time-

- 4 -

stamped and photocopied the document, and filed copies at each individual docket).

In this case, Appellant's notices of appeal, filed on February 19, 2019, referenced the lower court's order that resolved Appellant's petition filed at three separate dockets. We find Appellant's notices of appeal are distinct documents as all three documents appear to be originals and the clerk of court's time stamps are in different locations on the documents. As such, we find that Appellant has complied with the **Walker** mandate.

The only claim that Appellant raises on appeal is his challenge to the January 2016 search of his cell phone. As such, Appellant's petition failed to show that he is eligible for collateral relief as he was required to demonstrate that his claim of error had not been previously litigated. **See** 42 Pa.C.S.A. § 9543(a)(3). This occurs when "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. § 9544(a)(2).

This Court resolved Appellant's exact challenge to the denial of his suppression motion on direct appeal and the Supreme Court declined to grant further review. **See Knoble**, 188 A.3d at 1206. Accordingly, the PCRA court did not err in concluding that this Court's prior resolution of this issue compelled the denial of the identical claim in Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2021