J-S36039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID CHARLES CUMMINGS | : | |
| | : | |
| Appellant | : | No. 1634 MDA 2023 |

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000894-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID CHARLES CUMMINGS | : | |
| | : | |
| Appellant | : | No. 1635 MDA 2023 |

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001452-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID CHARLES CUMMINGS | : | |
| | : | |
| Appellant | : | No. 1661 MDA 2023 |

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001464-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : |  |
|  | : |  |
|  | : |  |
| DAVID CHARLES CUMMINGS | : |  |
|  | : |  |
| Appellant | : | No. 1673 MDA 2023 |

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001453-2004

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| DAVID CHARLES CUMMINGS | : |  |
|  | : |  |
| Appellant | : | No. 1674 MDA 2023 |

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001458-2004

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| DAVID CHARLES CUMMINGS | : |  |
|  | : |  |
| Appellant | : | No. 1675 MDA 2023 |

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001459-2004

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |

- 2 -

DAVID CHARLES CUMMINGS      :
     :
     Appellant      :      No. 1676 MDA 2023

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001460-2004

COMMONWEALTH OF PENNSYLVANIA      :      IN THE SUPERIOR COURT OF
     :      PENNSYLVANIA
     :
v.      :
     :
     :
DAVID CHARLES CUMMINGS      :
     :
     Appellant      :      No. 1677 MDA 2023

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001461-2004

COMMONWEALTH OF PENNSYLVANIA      :      IN THE SUPERIOR COURT OF
     :      PENNSYLVANIA
     :
v.      :
     :
     :
DAVID CHARLES CUMMINGS      :
     :
     Appellant      :      No. 1678 MDA 2023

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001462-2004

COMMONWEALTH OF PENNSYLVANIA      :      IN THE SUPERIOR COURT OF
     :      PENNSYLVANIA
     :
v.      :
     :
     :
DAVID CHARLES CUMMINGS      :
     :
     Appellant      :      No. 1679 MDA 2023

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001463-2004

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID CHARLES CUMMINGS | : | |
| | : | |
| Appellant | : | No. 1689 MDA 2023 |

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001456-2004

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID CHARLES CUMMINGS | : | |
| | : | |
| Appellant | : | No. 1690 MDA 2023 |

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001457-2004

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID CHARLES CUMMINGS | : | |
| | : | |
| Appellant | : | No. 1705 MDA 2023 |

Appeal from the Order Entered October 30, 2023

In the Court of Common Pleas of Berks County Criminal Division at No(s): CP-06-CR-0001454-2004

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID CHARLES CUMMINGS | : | |
| | : | |
| Appellant | : | No. 1706 MDA 2023 |

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at No(s): CP-06-CR-0001455-2004

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID CHARLES CUMMINGS | : | |
| | : | |
| Appellant | : | No. 1707 MDA 2023 |

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at No(s): CP-06-CR-0001482-2004

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID CHARLES CUMMINGS | : | |
| | : | |
| Appellant | : | No. 1708 MDA 2023 |

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at No(s): CP-06-CR-0001698-2004

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :         PENNSYLVANIA
                                     :
          v.                              :
                                     :
                                     :
DAVID CHARLES CUMMINGS         :
                                     :
          Appellant             :      No. 1709 MDA 2023

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003017-2004

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :         PENNSYLVANIA
                                     :
          v.                              :
                                     :
                                     :
DAVID CHARLES CUMMINGS         :
                                     :
          Appellant             :      No. 1729 MDA 2023

Appeal from the Order Entered October 30, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001465-2004

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:        **FILED: OCTOBER 31, 2024**

Appellant, David Charles Cummings, appeals *pro se* from the trial court's October 30, 2023 orders denying his motions to modify or vacate his sentences of restitution, which Appellant filed in each of his 18 separate cases that were consolidated below.  None of the trial court's October 20, 2023 orders included any instructions for taking an appeal.  On November 17, 2023, Appellant filed 18 *pro se* notices of appeal in the trial court, each containing

- 6 -

all 18 docket numbers. For the reasons set forth below, we direct Appellant to file amended notices of appeal.

In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court held that appellants are required to file separate notices of appeal when, as here, a single order resolves issues arising on more than one lower court docket.[1] Then, in **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019), a panel of this Court construed the **Walker** decision to mean that this Court "may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case" and that "a notice of appeal may contain only one docket number." **Id.** at 1144. However, that holding was expressly overruled in **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*), where an *en banc* panel of this Court held that, even though the appellant filed multiple notices of appeal, each listing multiple lower court docket numbers, the appeals should not be quashed because the appellant filed an appropriate number of appeals. **Id.** at 1148. The **Johnson** Court was persuaded by the fact that the appellant had italicized only one trial court docket number in each notice of appeal, finding that this made it clear that the clerk of courts did not play a role in typing separate notices of appeal. **Id.**

Subsequently, in **Commonwealth v. Young**, 265 A.3d 462, 477 n.19 (Pa. 2021) (**Young I**), the Pennsylvania Supreme Court found that quashal

---

[1] **Walker** applies to all cases filed after June 1, 2018. **See Walker**, 185 A.3d at 977.

was not required where the Commonwealth failed to file separate notices of appeal from an order resolving issues arising from multiple trial court dockets, as previously held in **Walker**.  The **Young I** Court concluded that if a timely appeal is erroneously filed at one docket, the appellate court may permit the appellant to correct the error.  The Court remanded the appeals to this Court for us to consider whether the Commonwealth should be granted relief pursuant to Pa.R.A.P. 902.[2]

On remand, this Court applied the Pennsylvania Supreme Court's holding in **Young I** and concluded that "when there is a **Walker** defect in an appeal to which Rule 902 applies, the default position is that we deem it appropriate to allow the correction, and only stray from the Rule's preference for good cause."  **Commonwealth v. Young**, 280 A.3d 1049, 1057 (Pa. Super. 2022) (**Young II**).  Accordingly, this Court granted relief pursuant to Rule 902 and allowed the Commonwealth to file separate notices of appeal at

_____

[2] At that time, Rule 902 read as follows:

> An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal).  Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902 (effective through May 17, 2023).  As discussed, *infra*, the Rule has since been amended, effective May 18, 2023.

each trial court docket number. This Court also held that the failure to file separate notices of appeal would result in quashal of the appeals. ***Id.***

Following ***Young I*** and ***Young II***, Rule 902 was amended and now reads as follows:

> **(a) Requirements.** An appeal permitted by law as of right from a trial court to an appellate court shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Pa.R.A.P. 903 (time for appeal). A notice of appeal must be filed in each docket in which the order has been entered.
>
> **(b) Failure to Comply with Requirements.**
>
> (1) *Generally.* Except as provided in subdivision (b)(2), the failure of a party to comply with the requirements stated in subdivision (a) does not affect the validity of the appeal, but the appeal is subject to such action as the appellate court deems appropriate. Such action may include, but is not limited to, remand of the matter to the trial court so that the omitted procedural step may be taken.
>
> (2) *Exception.* The failure to file a notice of appeal within the time allowed by Pa.R.A.P. 903 (time for appeal) renders an appeal invalid.

Pa.R.A.P. 902 (effective May 18, 2023).

Applying these decisions and Rule 902 to the instant case, we conclude that amended notices of appeal are warranted. Although Appellant timely filed the appropriate number of appeals, he listed all 18 docket numbers on each notice, and they do not appear to contain any special notations designating their association with one specific trial court docket number. ***See Johnson***, ***supra***. Thus, consistent with ***Young I***, ***Young II***, and Rule 902(b)(1), we direct Appellant, within ***ten days*** of the filing date of this memorandum, to file separate notices of appeal at each of the 18 docket numbers at issue

herein. Each notice of appeal must contain **only** the docket number of the case at which it is filed. **Failure to comply will result in quashal of the appeals**. Upon the trial court's certifications that the notices have been duly filed, and its transmission of the notices to this Court as supplemental records, we shall proceed to address the substance of the appeals.

Appellant directed to file amended notices of appeal within 10 days. Panel jurisdiction retained.