J-S16004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BLUE RIBBON PACKAGING CORP D/B/A/ WEST READING STRAPPING AND KEVIN, STEPHEN AND DAVID LENEGHAN | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | |
| | : | No. 1044 MDA 2024 |
| KEVIN HUGHES, NARROW HOLDINGS, LLC, GEORGEADIS SETLEY RAUCH & PLANK, LLC AND KELSEY E. FRANKOWSKI | : : : : : : | |

Appeal from the Order Entered June 7, 2024
In the Court of Common Pleas of Berks County Civil Division at No(s):
17-16460

| | | |
|---|---|---|
| NARROW HOLDINGS, LLC, KEVIN HUGHES, NICOLE PLANK, KELSEY E. FRANKOWSKI, AND GEORGEADIS/SETLEY | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| BLUE RIBBON PACKAGING CORP. D/B/A WEST READING STRAPPING, KEVIN LENEGHAN, STEPHEN LENEGHAN AND DAVID LENEGHAN | : : : : : | No. 1045 MDA 2024 |
| Appellants | : : | |

Appeal from the Order Entered June 7, 2024
In the Court of Common Pleas of Berks County Civil Division at No(s):
21 12680

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

JUDGMENT ORDER BY LAZARUS, P.J.:          **FILED: MAY 28, 2025**

Blue Ribbon Packaging Corp., d/b/a West Reading Strapping ("Blue Ribbon"), appeals from the order, entered in the Court of Common Pleas of Berks County, sustaining Charles Miller's preliminary objection to its third-party joinder complaint and dismissing the joinder complaint. We affirm.

This appeal stems from an action filed by Blue Ribbon, Kevin Leneghan, Stephen Leneghan, and David Leneghan against Kevin Hughes, Narrow Holdings, LLC, Georgeadis Setley Rauch & Plank, LLC ("Georgeadis"), Nicole Plank, and Kelsey Frankowski, alleging Defendants "engaged in wrongful and unlawful actions stemming from, essentially, a dispute between a landlord and a purported tenant."[1] Trial Court Opinion, 5/14/24.

On March 18, 2024, Blue Ribbon filed a third-party joinder complaint against Miller in case no. 21-12680. Miller filed preliminary objections and,

---

[1] Blue Ribbon's action was docketed in the trial court at No. 17-16460. The defendants in that action subsequently filed their own complaint against Blue Ribbon and the Leneghans, which was docketed at No. 21-12680. On February 29, 2024, the court consolidated the two matters, designating No. 17-16460 as the lead docket. On May 14, 2024, the court granted summary judgment, in part, dismissing Georgeadis, Plank, and Frankowski from the action and dismissing Count V of Blue Ribbon's complaint in favor of Hughes and Narrow Holdings. On June 14, 2024, the court issued an order granting a determination of finality as to the May 14, 2024 summary judgment order. *See* Pa.R.A.P. 341(c) (allowing appellate review where express determination made that immediate appeal would facilitate resolution of entire case). Blue Ribbon appealed from that order at both trial court docket numbers and those appeals were docketed in this Court at 1000 & 1001 MDA 2024 and subsequently consolidated. *See* Order, 1/3/25. *See also* Pa.R.A.P. 513 (where more than one appeal from single order, Court may consolidate appeals sua sponte).

on June 7, 2024,[2] the trial court entered an order sustaining the preliminary objection based upon the expiration of the statute of limitations and dismissing the third-party joinder complaint. On June 25, 2024, the trial court entered an order granting a determination of finality, certifying the June 7, 2024, order as a final appealable order pursuant to Rule 341(c).[3] Blue Ribbon filed timely notices of appeal at both trial court docket numbers in compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring separate notices of appeal where single order resolves issues arising on more than one trial court docket). These appeals were docketed in this Court at Nos. 1044 & 1045 MDA 2024 and subsequently consolidated. **See** Order 1/3/25. Blue Ribbon filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal in which it raised seven issues, none of which related to the June 7, 2024 order dismissing the third-party joinder complaint.

On December 2, 2024, Blue Ribbon filed its appellate brief with this Court. The brief did not refer to or discuss any claims relating to the June 7, 2024 trial court order. Instead, Blue Ribbon raised arguments related to the

---

[2] The two trial court dockets differ as to the filing date of the order dismissing the third-party complaint. The docket in no. 17-16460 indicates that the order was entered on June 10, 2024, while the docket in no. 21-12680 reflects that it was entered on June 7, 2024. The order itself, while dated June 6, 2024 by the trial judge, contains a notation that it was received in the Berks County Prothonotary's Office on June 7, 2024. As the third-party joinder complaint pertains only to the matter originally docketed at no. 21-12680, we use June 7, 2024 as the operative filing date.

[3] We note that, although the third-party joinder complaint was filed in case no. 21-12680, both Blue Ribbon's motion for determination of finality and the order granting that motion were docketed only at no. 17-16460.

trial court's May 14, 2024 grant of partial summary judgment.[4]  On January 3, 2025, this Court issued an order, inter alia, adding Miller as an Appellee at docket nos. 1044 and 1045 MDA 2024 (relating to the June 7, 2024 trial court order) and granting Blue Ribbon 14 days to either file a new brief or notify this Court that it would rely on its existing brief.  Blue Ribbon neither filed a new brief nor notified this Court of its decision not to do so.  Miller subsequently filed his appellee's brief, in which he asserts that Blue Ribbon has waived all claims related to the dismissal of the third-party joinder complaint.  We agree.

Rule 1925(b) requires that an appellant "concisely identify each error that [it] intends to assert" on appeal and provides that "[i]ssues not included in the [s]tatement . . . are waived."  Pa.R.A.P. 1925(b)(4)(ii), (vii).  **See also Commonwealth v. Lord**, 719 A.3d 306, 309 (Pa. 1998) (issues not raised in Rule 1925(b) statement deemed waived).  Here, not only did Blue Ribbon fail to raise any claims related to the June 7, 2024 order in its Rule 1925(b) statement, it also failed to raise any such claims in its appellate brief.  **See J.J. DeLuca Co., Inc. v. Toll Naval Asso.**, 56 A.3d 402, 419 (Pa. Super. 2012) (failure to present or develop argument in support of claim causes it to be waived).  Accordingly, Blue Ribbon has waived all claims related to the dismissal of its third-party complaint against Miller.

_____

[4] Indeed, Blue Ribbon's brief filed in this appeal is identical to that filed in its appeal from the order granting partial summary judgment.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/28/2025