J-S61043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN VOLZ, | : | |
| | : | |
| Appellant | : | No. 695 EDA 2019 |

Appeal from the PCRA Order Entered February 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0902141-1996,
CP-51-CR-0902151-1996, CP-51-CR-0902161-1996

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN VOLZ, | : | |
| | : | |
| Appellant | : | No. 696 EDA 2019 |

Appeal from the PCRA Order Entered February 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0902141-1996,
CP-51-CR-0902151-1996, CP-51-CR-0902161-1996

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN VOLZ, | : | |
| | : | |
| Appellant | : | No. 697 EDA 2019 |

Appeal from the PCRA Order Entered February 11, 2019

J-S61043-19

In the Court of Common Pleas of Philadelphia County Criminal Division at No(s): CP-51-CR-0902141-1996, CP-51-CR-0902151-1996, CP-51-CR-0902161-1996

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 3, 2020**

John Volz appeals *pro se* from the order that dismissed without a hearing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We quash this appeal.

Given our disposition, we need not undergo a full recitation of the history of this case.  Briefly, Appellant was convicted of various crimes at three docket numbers, his judgment of sentence of an aggregate term of eighty-seven to 174 years of incarceration became final in 2004, and Appellant's first three PCRA petitions resulted in no relief.  In 2018, Appellant filed the *pro se* PCRA petition at issue in these appeals listing each of the three docket numbers. After issuing notice of its intent to dismiss Appellant's petition as untimely without a hearing pursuant to Pa.R.Crim.P. 907, the PCRA court entered an order captioned at all three docket numbers denying Appellant's petition, as well as individually-captioned denial orders filed at each docket.  Thereafter, Appellant filed a single notice of appeal listing all three docket numbers.

This Court issued a rule to show cause why the appeal should not be quashed pursuant **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018)

_____

* Former Justice specially assigned to the Superior Court.

- 2 -

(holding that an appeal must be quashed if an appellant fails to file separate notices of appeal at each docket number implicated by an order resolving issues that involve more than one trial court docket). **_See also Commonwealth v. Creese_**, 216 A.3d 1142, 1144 (Pa.Super. 2019) (concluding that **_Walker_** mandates that "a notice of appeal may contain only one docket number"). Upon receiving a response from Appellant in which he attempted to distinguish **_Walker_**, this Court discharged the rule and referred the issue to this merits panel.

Our review of the record leads us to conclude that this appeal must be quashed, not due to a **_Walker_** violation, but because Appellant has not appealed from a final, appealable order. With one exception not applicable here, "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). An order is properly entered upon the docket by indication thereon of "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2). The thirty-day time period for appealing from a criminal order other than a judgment of sentence begins to run on the day that the order is served on the parties by the clerk of courts. **_See_** Pa.R.A.P. 108(a)(1), (d).

The PCRA court's February 11, 2019 orders in the instant case have not been properly entered on the docket. The entry for each order contains no

indication that it was served as required by Pa.R.Crim.P. 907(4),[1] let alone notation of the date upon which such service was made in accordance with the mandates of Pa.R.Crim.P. 114(C)(2).

Accordingly, we quash this appeal as premature. After the clerk of courts serves the order dismissing Appellant's petition in accordance with Pa.R.Crim.P. 907(4) and notes such service on the docket as required by Rule 114(C), Appellant will have thirty days from the date of service to timely file separate notices of appeal at each docket implicated by the order.

Appeal quashed.

Judge Olson joins the memorandum.

President Judge Emeritus Stevens files a dissenting memorandum.

_____

[1] The Rule provides:

> When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4). We note that the order at issue in this appeal further fails to comply with Pa.R.Crim.P. 907(4), in that it includes no information about the right to appeal or time limits for doing so.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/20