J-A28015-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY JOSEPH ADAMS | : | |
| | : | |
| Appellant | : | No. 1868 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002018-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY JOSEPH ADAMS | : | |
| | : | |
| Appellant | : | No. 1869 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002019-2016

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY OLSON, J.:                    FILED JANUARY 25, 2021

Appellant, Troy Joseph Adams, appeals from the judgment of sentence entered October 15, 2019, as made final by the denial of a post-sentence motion on November 4, 2019, following his jury trial convictions for multiple drug-related offenses.  We affirm.

The facts and procedural history of this case are as follows.  On August 8, 2016, the Commonwealth filed three criminal complaints against Appellant

charging him with three counts of possession of a controlled substance, three counts of possession with intent to deliver (PWID), three counts of criminal conspiracy to commit PWID, and three counts of criminal use of a communication facility. In these complaints, the Commonwealth averred that Appellant participated in three controlled narcotics transactions on April 18, 2016, April 19, 2016, and May 9, 2016. In each instance, the Commonwealth alleged that Appellant supplied cocaine to two individuals, Carlos Benitez and Rashelle Summers, and that Benitez and Summers, in turn, delivered the cocaine to a confidential informant (hereinafter, "CI").

Appellant's jury trial commenced on July 29, 2019. On July 31, 2019, the jury convicted Appellant on two counts of possession of a controlled substance,[1] two counts of PWID,[2] two counts of criminal conspiracy to commit PWID,[3] and two counts of criminal use of a communication facility.[4] Appellant's convictions arose from the controlled purchases that occurred on April 19, 2016 and May 9, 2016. The jury was unable to reach unanimous verdicts on the charges stemming from the transactions alleged to have occurred on April 18, 2016. On October 15, 2019, the trial court sentenced

_____

[1] 35 P.S. § 780–113(a)(16).

[2] 35 P.S. § 780–113(a)(30).

[3] 18 Pa.C.S.A. §§ 903(a)(1) and 35 P.S. § 780–113(a)(30).

[4] 18 Pa.C.S.A. § 7512(a).

Appellant to an aggregate term of 27 to 108 months' incarceration. Appellant then filed a post-sentence motion on October 25, 2019, which the trial court denied on November 4, 2019. This timely appeal followed.[5]

Appellant raises the following issues on appeal:

I.   Whether the Commonwealth presented insufficient evidence with which to convict [Appellant] of the offenses charged?

II.  Whether the trial court erred in [taking judicial notice and subsequently] instructing the jury that the defense witness, Carlos Benitez, was convicted of conspiring with [] Appellant to deliver a controlled substance?

Appellant's Brief at 5 (superfluous capitalization omitted).

In his first issue, Appellant argues that the Commonwealth presented insufficient evidence to sustain his convictions. Specifically, Appellant claims that, while the Commonwealth presented evidence that he "was near the scene of two drug transactions," the Commonwealth did not present any "direct evidence that he was involved in said drug activity." Appellant's Brief at 8.

Our standard of review regarding the sufficiency of the evidence is as follows:

_____

[5] On December 4, 2019, Appellant filed two separate notices of appeal at each of the trial court dockets in accordance with our Supreme Court's decision in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018). On December 17, 2019, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 7, 2020. This Court consolidated Appellant's appeals sua sponte by order dated June 16, 2020.

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth may not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Lambert, 795 A.2d 1010, 1014–1015 (Pa. Super. 2002) (citations omitted).

Herein, the Commonwealth claimed that Appellant acted as the "supplier" for each of the controlled purchases involving the CI. N.T. Trial, 7/29/19, at 16. Specifically, the Commonwealth alleged that Appellant was the "person who [was] operating [the drug] business" behind the scenes and in so doing, prior to each purchase, would transfer the cocaine to Carlos Benitez and Rashelle Summers who then provided the controlled substances to the CI. Id. at 16 and 18. During trial, Summers and the CI, as well as Sergeant Matthew Plummer, Detective Sergeant Christopher Moser, and Corporal Derek Swope, all officers at the City of Altoona's Police Department, testified to Appellant's involvement in the aforementioned scheme.

Notably, Summers testified and explained that, on April 19, 2016 and May 9, 2016, the CI contacted her to purchase cocaine and, in both instances, Appellant provided the drugs to Benitez, who then provided the cocaine to the CI. Id. at 180. Similarly, the CI testified that, on April 19, 2016 and May 9, 2016, she/he met Summers and Benitez at a pre-arranged meeting location, gave Benitez the money, and after Benitez obtained cocaine from his source, she/he received the cocaine from Benitez. N.T. Trial, 7/30/19, at 18-20 and 24.

Further, Sergeant Plummer, Detective Sergeant Moser, and Corporal Swope testified regarding their observations of the controlled purchase on April 19, 2016. On that date, the CI contacted Summers and Benitez to set up the purchase. N.T. Trial, 7/29/19, at 201. The CI then received a phone call from Summers, who instructed the CI to go to Molly Maguires Bar in Altoona, Pennsylvania. Id. at 108, 143, and 201. When Detective Sergeant Moser and Corporal Swope arrived at the scene, they saw Summers and Benitez in/near a red Chevy Trailblazer. Id. at 108 and 143-144. Sergeant Plummer then arrived with the CI who subsequently approached and entered the Chevy Trailblazer. Id. at 109, 145, and 203. Thereafter, Benitez "walked around the driver's seat of the [T]railblazer and reached inside the vehicle." Id. at 203. Benitez then walked down the street, toward an alleyway. Id. at 110, 146, and 203. Corporal Swope observed Benitez enter the rear of the yard at 1507 Bell Avenue. Id. at 110-111 and 146. At the same time, Sergeant Moser observed a silver/blue Dodge Charger, registered to

Appellant, parked "in front" or "right near" 1507 Bell Avenue. Id. at 146. Sergeant Moser then observed Appellant exit the front door of the house located at 1507 Bell Avenue, enter the Dodge Charger, and leave the area. Id. at 147. Sergeant Plummer testified that, shortly thereafter, Benitez emerged from 1507 Bell Avenue, entered the Trailblazer, and departed with the CI inside. Id. at 206 and 209-210. Once the Chevy Trailblazer entered the main street, the CI exited the vehicle, met Sergeant Plummer, and handed Sergeant Plummer a substance later identified as cocaine.

Likewise, Sergeant Plummer and Detective Sergeant Moser testified regarding their observations of the controlled purchase on May 9, 2016. Sergeant Moser explained that, on that day, the same CI arranged a controlled purchase, which was set to take place at Summers' and Benitez's residence. N.T. Trial, 7/30/19, at 39. Sergeant Moser transported the CI to the residence and, shortly after he alerted Sergeant Plummer that the CI entered the residence, Sergeant Plummer observed the silver/blue Dodge Charger "pull into the alley [in] the rear of the residence." Id. at 62. One minute later, Benitez exited the residence and walked toward the alley. Id. at 41. Benitez then approached the "driver side of that vehicle" and subsequently returned to the residence. Id. at 63. Then, Sergeant Plummer explained that, after the interaction with Benitez, the Dodge Charger proceeded from the alley. Id. at 65. At that same time, the CI left the residence and provided Officer Benjamin Jones "four knotted clear plastic bag corners containing cocaine[,] a Schedule II controlled [s]ubstance." Id. at 83. Sergeant Moser testified

- 6 -

that, after the Dodge Charger left the alley, he attempted to follow it but could not do so because the driver of the vehicle eluded him. Id. at 44. As such, Sergeant Moser set up surveillance at Appellant's residence, hoping to identify Appellant in the Dodge Charger. Id. Subsequently, the Dodge Charger arrived at Appellant's residence but the driver stayed in the vehicle for nearly a half hour; no one exited the vehicle and no one entered the vehicle. Id. at 45-46. Because Sergeant Moser was "under the impression that [Appellant] knew [Sergeant Moser] was watching him," he called Sergeant Plummer to come to the scene with a different vehicle in order to "see . . . who got out of the vehicle." Id. at 67. The Dodge Charger eventually left Appellant's residence, but Sergeant Plummer followed it onto the expressway and was able to "positively identify the driver as [Appellant]" by looking through the front windshield. Id. at 68-69.

When viewing the aforementioned testimony in the light most favorable to the Commonwealth, we conclude that the jury could reasonably infer that Appellant was, at all relevant times, the driver of the Dodge Charger and, in turn, the source that provided the cocaine to Benitez and Summers for the controlled purchases that took place on April 19, 2016 and May 9, 2016. As such, we conclude that the Commonwealth presented sufficient evidence to sustain Appellant's convictions and, as such, Appellant is not entitled to relief.

In his final issue, Appellant argues that the trial court erred in taking judicial notice and subsequently informing the jury that Carlos Benitez, a defense witness and Appellant's co-conspirator, was convicted by a separate

jury of conspiring with Appellant to deliver a controlled substance. Appellant's Brief at 12. Upon review, however, we conclude that this issue was not preserved for appellate review because Appellant failed to place a timely objection to such evidence on the record. See Pa.R.E. 103(a)(1) (explaining that a claim of error "may not be predicated upon a ruling that admits or excludes evidence unless . . . a timely objection . . . appears of record"); see also N.T. Trial, 7/30/19, at 103-106. Accordingly, this issue is waived. See Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Because Appellant is not entitled to relief on either of his claims, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2021