J-S09002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.B.-W. AND D.A.-S., MINOR CHILDREN | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: V.A., MOTHER | : : : : : : | |
| | : | No. 1355 EDA 2021 |

Appeal from the Order Entered June 25, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0001116-2020,
CP-51-DP-0001268-2020

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                                    **FILED MAY 25, 2022**

V.A. (Mother) appeals from the trial court's June 25, 2021 order, entered on two separate dockets (CP-51-DP-1268-2020 and CP-51-DP-1116-2020), after a finding of dependency, the existence of aggravating circumstances, and a determination that Mother is a perpetrator of child abuse.  After careful review, we remand for the *nunc pro tunc* filing of corrective notices of appeal.

These dependency actions arose from the death of Mother's four-year-old child, A.A., while in the care of Mother's older child, ten-year-old N.B.-W. Mother left A.A., who suffered from cerebral palsy[1] and needed a medically-trained caregiver to attend to his needs full-time, in the care of N.B.-W for ten

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Child also had been diagnosed as suffering from infantile spasms, chronic lung disease, encephalomalacia, microcephaly, hydrocephalus, and seizures.

to twelve hours a day up to three to four days a week[2] while Mother was in the hospital due to pregnancy complications.[3] A.A. died of aspiration due to pneumonia.

On June 25, 2021, after a virtual adjudicatory and child abuse hearing, the trial court entered an order finding: N.B.-W. and D.A.-S. are dependent, 42 Pa.C.S. § 6302(1); A.A. was the victim of child abuse at the hands of Mother, 23 Pa.C.S. §§ 6303, 6381(d); and aggravating circumstances existed with regard to the abuse. 42 Pa.C.S. § 6341.

Before we turn to Mother's issues on appeal, we must first address a procedural hurdle that implicates our jurisdiction. In contravention of Pa.R.A.P. 341(a), as interpreted in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018),[4] Mother has erroneously filed one notice of appeal from the trial court's two dependency docket numbers. Recently, however, our Supreme Court held:

> Now that [Pa.R.A.P.] 902 is squarely before us, we take it on its terms, notwithstanding any effect its application here may have on the bright-line rule of **Walker**. In doing so, we conclude the

---

[2] D.A.-S.'s father (Father), who is Mother's paramour, was the alleged caregiver for A.A. while Mother was in the hospital. However, A.A. was left alone with N.B.-W. for prolonged times. Notably, A.A. was alone with N.B.-W. when he died.

[3] In October 2020, Mother gave birth to another child, D.A.-S, A.A.'s and N.B.-W.'s half-brother. A.A. and N.B.-W. are also half-siblings with different biological fathers.

[4] **See id.** at 976 ("[W]hen 'one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed[.]'").

relationship between Rule 341(a) and [Rule] 902 is clear. Rule 341 requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket; but, where a timely appeal is erroneously filed at only one docket, Rule 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate. Accordingly, as there were two timely-filed notices of appeal in this case, one for each defendant, that listed additional docket numbers for each defendant, we reverse the Superior Court's order quashing the appeals and, pursuant to Rule 902, we remand to that [C]ourt to reconsider the Commonwealth's request to remediate its error, "so that the omitted procedural step may be taken." Pa.R.A.P.902.

*Commonwealth v. Young*, 265 A.3d 462, 477-78 (Pa. 2021). *Young* has been applied in the context of termination of parental rights and adoption, as well as in dependency matters. *See In the Int. of A.J.R.O.*, 270 A.3d 563 (Pa. Super. 2022); *see also In the Int. of P.S.-Q.S.-L.*, 940-941 WDA 2021 (Pa. Super. filed Jan. 25, 2022) (unpublished memorandum).

Although counsel in the instant case failed to respond to this Court's rules to show cause for his alleged *Walker* violation, the trial court, upon remand, determined on November 5, 2021, that he had not abandoned his client, Mother. On November 9, 2021, this Court entered a discharge order noting that counsel should be prepared to address in his appellate brief any concerns that this panel may have concerning the *Walker* issues raised by our Court's Rules to Show Cause. Order, 11/9/21.

In a letter to this Court, dated December 2, 2021, counsel explained that he initially filed a timely notice of appeal, but incorrectly captioned the notice. To rectify the error, he states that he "attempted to withdraw the pleading and refile [it], however [his] petition to withdraw the pleading was

entered as a petition to withdraw as counsel[,] and [his] corrected appeal was untimely." Letter from Pierre E. Simonvil, Esquire, 12/2/21. Then, he explains his request to refile the notice of appeal *nunc pro tunc* was denied by the trial court on November 4, 2021. Counsel "humbly request[s] that [his] third, corrected appeal, be allowed to proceed, *nunc pro tunc*." ***Id.***

In compliance with our Supreme Court's holding and directive in ***Young***, ***supra***, we remand to the trial court to permit counsel to file, *nunc pro tunc*, separate, amended, corrective notices of appeal in each dependency action in compliance with ***Walker***. ***See*** Pa.R.A.P. 902 (appeal permitted by law as of right from lower court to appellate court "shall be taken by **filing a notice of appeal with the clerk of the lower court** within time allowed for by Rule 903") (emphasis added); ***see also id.*** ("any step other than the timely filing of a notice of appeal . . . is subject to such action as the appellate court deems appropriate, which may include . . . remand of the matter **to the lower court** so that the omitted procedural step may be taken") (emphasis added). Counsel shall file these notices of appeal within 14 days of the date of this decision.

Case remanded. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/25/2022