J-A08026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GAGE ORTIZ-RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 268 WDA 2021 |

Appeal from the Judgment of Sentence Entered February 11, 2021
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000117-2020,
CP-42-CR-0000306-2019, CP-42-CR-0000437-2019

BEFORE: BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.: **FILED: JUNE 14, 2022**

Gage Ortiz-Rodriguez appeals[1] from the judgment of sentence, entered in the Court of Common Pleas of McKean County, following his hybrid guilty plea. After review, we affirm.

Ortiz-Rodriguez was charged at the above-captioned dockets with a myriad of sexual assault crimes in relation to the sexual abuse of two minor boys. Ortiz-Rodriguez's cases were consolidated, and, on April 23, 2020,

---

[1] Ortiz-Rodriguez filed a single notice of appeal in violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). However, this Court has recognized that a breakdown in court operations occurs "when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court." **Commonwealth v. Larkin**, 235 A.3d 350, 353 (Pa. Super. 2020) (en banc). Instantly, at the sentencing hearing, the trial court advised Ortiz-Rodriguez that "[w]ithin 30 days you can file **an appeal**[.]" N.T. Sentencing Hearing, 2/21/21, at 9 (emphasis added). Thus, a breakdown in court operations occurred and, accordingly, we decline to quash the appeal.

Ortiz-Rodriguez entered into a hybrid guilty plea, in which he pled guilty to two counts of involuntary deviate sexual intercourse,[2] four counts of sexual abuse of children,[3] one count of indecent assault,[4] and one count of criminal solicitation to commit sexual assault.[5] The parties agreed to an aggregate sentence of 6 to 12 years' incarceration, followed by 4 years of probation. There was no agreement reached as to Ortiz-Rodriguez's sexually violent predator (SVP) status. The trial court accepted Ortiz-Rodriguez's plea, deferred sentencing, and ordered Ortiz-Rodriguez to undergo an SVP assessment.

On December 15, 2020, the trial court conducted an SVP hearing at which Paul Everett, an investigator and supervisor for the Pennsylvania Sexual Offender Assessment Board (SOAB), and Brenda Manno,[6] a licensed social worker and SOAB board member, testified. At the close of the hearing, the trial court determined that Ortiz-Rodriguez was an SVP, ordered a pre-sentence investigation report, and scheduled a sentencing hearing. On February 11, 2021, the trial court sentenced Ortiz-Rodriguez, in accordance with the plea agreement, to an aggregate term of 6 to 12 years in prison,

---

[2] 18 Pa.C.S.A. § 3123(a)(7).

[3] 18 Pa.C.S.A. §§ 6312(b)(1)-(2), (c), (d).

[4] 18 Pa.C.S.A. § 3126(a)(1).

[5] 18 Pa.C.S.A. § 902(a).

[6] At the SVP hearing, Manno was qualified as an expert in SVP assessments and licensed clinical social work. **See** N.T. SVP Hearing, 12/15/20, at 26-27.

followed by 4 years of probation. Ortiz-Rodriguez did not file a post-sentence motion.

Ortiz-Rodriguez filed a timely notice of appeal, and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Ortiz-Rodriguez now raises the following claim for our review:

> Whether the trial court erred [and] abused its discretion[] in admitting the contents of an investigative report completed by [] Everett, the investigator for [] SOAB, and subsequently considered the expert opinion of [] Manno, when said opinion and documents were the product of review of hearsay statements that were not admitted as part of a guilty plea proceeding or subject to impeachment and which did not comply with Pa.R.E. 703 and 705?

Brief for Appellant, at 4.

A challenge to a trial court's SVP designation is a challenge to the sufficiency of the evidence, for which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Meals**, 912 A.2d 213, 218 (Pa. 2006). When reviewing a trial court's SVP determination, we must view the evidence in a light most favorable to the Commonwealth and may not re-weigh the evidence or substitute our judgment for that of the trial court. **Id.** The question for the trial court is whether the Commonwealth's evidence establishes that the defendant has a mental abnormality or personality disorder that makes him or her likely to engage in predatory sexually violent offenses. **Commonwealth v. Brooks**, 7 A.3d 852, 863 (Pa. Super. 2010). We will reverse an SVP determination only if the Commonwealth did not present "clear and convincing evidence that each element of the statute has

been satisfied." ***Commonwealth v. Baker***, 24 A.3d 1006, 1033 (Pa. Super. 2011).

Instantly, Ortiz-Rodriguez does not dispute that his convictions constitute sexually violent offenses under 42 Pa.C.S.A. § 9799.14. Rather, he argues that the trial court erred when it admitted Manno's expert opinion testimony. Brief for Appellant, at 20. Ortiz-Rodriguez asserts that Manno's expert opinion is based on inadmissible hearsay evidence contained within Everett's investigative report and, therefore, Manno's opinion is inappropriate. ***Id.*** at 21. However, Ortiz-Rodriguez concedes that 42 Pa.C.S.A. § 9799.24(c), relating to SVP assessments, allows experts to consider otherwise inadmissible evidence. Brief for Appellant, at 21-22. Nevertheless, Ortiz-Rodriguez contends that Rules 703 and 705 require experts to disclose the specific facts relied upon in reaching an expert opinion. ***Id.*** at 22-23. Further, Ortiz-Rodriguez claims that, at the SVP hearing, Manno did not reference specific facts relating to Ortiz-Rodriguez's "unusual cruelty" or "whether he promoted a relationship for the purpose of victimization[,]" and, thus, is not based in fact, in violation of Rules 703 and 705. ***Id.*** at 22-23, 25.

Preliminarily, to the extent that Ortiz-Rodriguez claims Manno's opinion is based upon inappropriate hearsay evidence, we conclude that he has conceded this claim, as he stated as much in his brief. ***See id.*** at 21-22. Indeed, section 9799.24(c) expressly permits experts to consider otherwise inadmissible evidence in rendering their opinion for SVP designations. ***See Commonwealth v. Prendes***, 97 A.3d 337, 361 (Pa. Super. 2014); Pa.R.E.

703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or date in forming an opinion on the subject, they **need not be admissible for the opinion to be admitted**.") (emphasis added).

Moreover, to the extent that Ortiz-Rodriguez claims that Manno did not specify any facts or information that she considered in concluding the Ortiz-Rodriguez displayed "unusual cruelty" or determining whether he "promoted a relationship for the purposes of victimization," this claim lacks merit and is belied by the record. Manno's opinion that Ortiz-Rodriguez is an SVP was rendered to a reasonable degree of professional certainty. *See* N.T. SVP Hearing, 12/15/20, at 40, 42; *see also id.* at 38-40 (Manno testifying that Ortiz-Rodriguez meets criteria for "Unspecified Paraphilic Disorder,"[7] a lifetime condition).

At the SVP hearing, the trial court stated its findings regarding Manno's testimony as follows:

> [O]ver and over we heard[,] "I looked at what was plead to; I looked at the statement made by the victims[;] I looked at their actual statements; I looked at the complaint and the summary of what the victims said happened." If there is no issue with that information being considered by [Manno] then there's no doubt that her analysis and conclusion is valid. Considering her

---

[7] "Paraphilia" is defined as a pattern of recurring sexually-arousing mental imagery or behavior that involves unusual and especially socially unacceptable sexual practices (such as sadism or pedophilia). *See* Merriam-Webster, http://www.merriam-webster.com/dictionary/paraphilia.

expertise, considering she pointed directly to what . . . she used to analyze the case[,] there's sufficient support for her finding.

She's an expert. The [c]ourt accepts both her expertise and the analysis that [Ortiz-Rodriguez] fits the definition. The only issue there is a legal one. If it says in the [District Attorney]'s file that victim number one said[,] "Here's what happened in this particular case. I was at [Ortiz-Rodriguez's house when] these things happened. He took pictures; here's what he said to me; here's what he sent to me. Though all those facts weren't outlined at the time of the plea[,] but that's what's in the file. It [] was appropriate for [Manno] to consider all that information[,] then her analysis and conclusion is completely accurate and acceptable to the [c]ourt. . . . Based on the authority that was provided . . . and my previous rulings, I'm finding that it was appropriate to rely on the information in the file[,] specifically the statements of the victims of what occurred as were documented.

\* \* \*

So I find the analysis [is validly legal and] the opinion of [Manno] is accepted[.] It's supported by what is in the record and, therefore, I find that [Ortiz-Rodriguez] is a[n SVP].

N.T. SVP Hearing, 12/15/20, at 59-62.

Our review of the record confirms that the trial court's determinations were based upon clear and convincing evidence that Ortiz-Rodriguez met the statutory criteria to be classified as an SVP. ***See id.*** at 29, 35 (wherein Manno testified that Ortiz-Rodriguez demonstrated "unusual cruelty" when he blackmailed his victims; took photographs of victims engaged in sexual acts; sent those photographs to another minor; rubbed his penis on one child victim's anus; performed oral sex on one child victim; and played "games" with child victims in which someone "would get naked"). Accordingly, we afford him no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/14/2022