J-A11038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: C.M.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: V.M., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1014 EDA 2021 |

Appeal from the Order Entered April 23, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-AP-0000264-2020,
CP-51-DP-0002011-2017

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 20, 2022**

V.M. ("Mother") appeals from the orders changing the permanency goal of C.M.M. ("Child") to adoption and terminating Mother's parental rights to Child. We remand for Mother to file corrected notices of appeal.

This appeal returns to us after remand from the Pennsylvania Supreme Court. When the case originally came before us, we issued a Rule to Show Cause as to why the appeal should not be quashed pursuant to Pennsylvania Rule of Appellate Procedure 341(a) and ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), due to Mother's "[f]iling one appeal from two separate trial court docket numbers." Order, 6/11/21 (*per curiam*). Receiving no response from Mother, we quashed the appeal *sua sponte.* Mother appealed, and the Supreme Court vacated our order and remanded the case "for reconsideration in light of ***Commonwealth v. Young***, 265 A.3d 462, 477-78

(Pa. 2021)," which had been decided in the interim. ***Int. of C.M.M.***, 272 A.3d 953 (Pa. 2022) (order, Feb. 8, 2022).

In ***Young***, the Commonwealth filed two notices of appeal, relating to two separate defendants. 265 A.3d at 464. Each notice of appeal referenced the three docket numbers pertaining to that defendant. ***Id.*** The filing clerk "made two photocopies of the notice of appeal and filed three identical notices, one under each of the three docket numbers, for each defendant." ***Id.*** at 476. The Supreme Court held that the inclusion of the additional docket numbers on each separately filed notice of appeal did not require quashal. ***Id.*** It stated,

> Rule 341 requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket; but, where a timely appeal is erroneously filed at only one docket, Rule 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate.

***Id***. at 477. It remanded the cases for this Court to reconsider whether to allow the Commonwealth to file distinct notices of appeal on each docket. ***Id.*** at 477-78.

Prior to the ***Young*** decision, this Court had already sanctioned the inclusion of additional docket numbers on a notice of appeal, provided that a distinct notice was filed on each docket. ***See Commonwealth v. Johnson***, 236 A.3d 1141, 1148 (Pa.Super. 2020) (*en banc*), *appeal denied*, 242 A.3d

304 (Pa. 2020); *see also Young*, 265 A.3d at 469 (discussing *Johnson*).[1] Decisions of this Court after *Young* have applied *Young* and Rule 902 to allow appellants to correct failures to comply with Rule 341's directive to file a separate notice of appeal on each docket. *See, e.g., In re B.G.M.*, No. 1305 MDA 2021, 2022 WL 730468 (Pa.Super. 2022) (unpublished memorandum).

Here, the trial court issued two final orders: one on the dependency docket, changing Child's placement goal to adoption, and another on the adoption docket, terminating Mother's parental rights to Child. Mother submitted a single notice of appeal referencing both docket numbers and both orders. Identical copies of the notice were filed on the dependency docket and the adoption docket.

This is not a case, therefore, where a single trial court order disposed of issues across multiple dockets and the appellant filed a single notice of appeal, listing all the docket numbers, on just one docket. Moreover, pursuant to *Young*, we have discretion under Rule 902 to permit Mother to correct her notices of appeal. We will exercise our discretion to allow her to do so.

Mother shall have leave to file a corrected notice of appeal at each separate trial court docket within 10 days of the date of this Memorandum. Mother's failure to file corrected notices of appeal will result in quashal. If Mother files corrected notices of appeal, the trial court shall transmit them to

---

[1] This Court has continued to implement *Johnson* following *Young*. *See Commonwealth v. Price*, No. 1666 MDA 2021, 2022 WL 1836261, at *4 n.4 (Pa.Super. June 3, 2022) (unpublished memorandum).

this Court in a supplemental record within 20 days of the date of this Memorandum.

Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2022