J-S25014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JONATHAN VELA | : | |
| | : | |
| Appellant | : | No. 2152 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 29, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001136-2021,
CP-45-CR-0001217-2022

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 12, 2024**

Appellant Michael Jonathan Vela appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas following the entry of his guilty pleas to one count each of Statutory Sexual Assault, Corruption of Minors, and Aggravated Indecent Assault Without Consent.[1] He challenges the constitutionality of the lifetime registration and notification requirements provided in Subchapter H of the Sexual Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S. § 9799.11. Based on our Supreme Court's recent analysis in **Commonwealth v. Torsilieri**, 316 A.3d 77 (Pa. 2024),

---

[1] 18 Pa.C.S. §§ 3122.1(a)(1), 6301(a)(1)(i), and 3125(a)(1), respectively. The Commonwealth charged Appellant with these crimes under two different docket numbers. **See** CP-45-CR-0001136-2021 (Statutory Sexual Assault and Corruption of Minors)("CR—1136-21) and CP-45-CR-0001217-2022 (Aggravated Indecent Assault without Consent) ("CR-1217-22").

("**Torsilieri II**"), we affirm the imposition of the lifetime registration requirement based on Appellant's classification as a Tier III sexual offender imposed at docket number CP-45-CR-0001217-2022 ("CR-1217-22").[2]

**A.**

We need not provide a detailed recitation of the underlying facts to address the issues raised in this appeal. On April 3, 2023, Appellant pled guilty to the above offenses. On April 6, 2023, the court scheduled sentencing for June 29, 2023, and ordered the Sexual Offenders Assessment Board ("SOAB") to conduct an assessment to determine whether Appellant should be classified as a sexually violent predator.

On June 29, 2023, the court sentenced Appellant at both dockets to an aggravated term of 6½ to 13 years' incarceration.[3] In addition, at docket

_____

[2] Although Appellant listed both docket numbers on his notice of appeal in violation of **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018), in the interests of judicial economy, we decline to remand for Appellant to file separate notices of appeal as suggested by **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021), because the only issue raised in Appellant's post-sentence motion, his Pa.R.A.P. 1925(b) Statement, and his appellate brief challenges the SORNA registration requirements imposed at docket number CR-1217-22 in connection with his conviction for Aggravated Indecent Assault without Consent. Appellant raises no issues relevant to docket number CR-1136-21. Since Appellant failed to preserve and raise any issues challenging the judgment of sentence imposed at CR-1136-21, we affirm that judgment of sentence.

[3] At docket number CR-1217-22, the court imposed a term of 4 to 8 years' incarceration followed by 3 years' probation. At docket number CR-1136-22, the court imposed a term of imprisonment of 18 months to 35 months for the Statutory Sexual Assault conviction and a consecutive term of 12 months to 24 months for Corruption of Minors. The court directed the sentences imposed at CR-1136-22 to run consecutive to the sentence imposed at CR-1217-22.

number CR-1217-22, the court determined that, pursuant to SORNA, Appellant's Aggravated Indecent Assault conviction automatically rendered him a Tier III sexual offender and, thus, subject to SORNA's lifetime registration requirement.

Appellant filed a post-sentence motion challenging the constitutionality of SORNA's registration requirements provided in Subchapter H. The court denied that motion on July 17, 2023.

Appellant filed a timely appeal and a court-ordered Pa.R.A.P. 1925(b) Statement. The trial court filed a Rule 1925(a) Opinion.

**B**.

In his brief, Appellant raised the following issues:

1. Should this Court remand the case because an inadequate factual record has been developed and where the Commonwealth and the trial court both request remand as well?

2. Does registration under Act 29 violate substantive due process under Article 11 of the Pennsylvania Constitution because it deprives individuals of the fundamental right to reputation and fails to satisfy strict scrutiny?

3. Does registration under Act 29 deny defendant due process under Articles 1 and 11 of the Pennsylvania Constitution because it creates an irrebuttable presumption that those convicted of enumerated offenses "pose a high risk of committing additional sexual offenses" depriving those individuals of their fundamental right to reputation?

4. Does registration under Act 29 deny defendant procedural due process under the Pennsylvania and Federal Constitutions because it unlawfully impinges the right to reputation without notice and an opportunity to be heard?

5. Does registration under Act 29 constitute criminal punishment and therefore violate the separation of powers doctrine because it usurps exclusive judicial adjudicatory and sentencing authority?

6. If registration under Act 29 is punishment, does the imposition of mandatory sex offender registration for the instant offense constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article 1, Section 13 of the Pennsylvania Constitution?

7. If registration under Act 29 is punishment, does it contravene the 5th, 6th and 14th Amendments of the United States Constitution and the corresponding protections of the Pennsylvania Constitution because not every fact necessary to support the imposition of a mandatory minimum sentence must be found by a jury beyond a reasonable doubt?

Appellant's Br. at 4-5.

## C.

Appellant challenges the constitutionality of SORNA's Subchapter H which requires that sexual offenders who commit Aggravated Indecent Assault after December 20, 2012, must comply with SORNA's lifetime registration and notification provisions as Tier III offenders. 42 Pa.C.S. §§ 9799.14(d)(7), 9799.11, 9799.23. Appellant presents a pure question of law for which our standard of review is *de novo* and our scope of review plenary. *Torsilieri II*, 316 A.3d at 86.

Appellant acknowledges that "this case presents the same issues that were raised in *Com[monwealth] v. Torsilieri*, 232 A.3d 567 (Pa. 2020)." ("*Torsilieri I*"). Appellant's Br. at 12. He further acknowledges that, at the time he drafted his brief, *Torsilieri* was pending before the Supreme Court

for a second time following that Court's remand for an evidentiary hearing. *Id*.

In May 2024, the Pennsylvania Supreme Court issued *Torsilieri II*, finding that SORNA's subchapter H did not violate the irrebuttable presumption doctrine, *see* 316 A.3d at 91-100, and concluding subchapter H was not punitive. *Id.* at 109-10. The Court further concluded that

> because a finding that [s]ubchapter H constitutes criminal punishment is a threshold factor in determining the viability of [the] derivative constitutional challenges — that the legislation unconstitutionally usurps judicial power over sentencing in violation of the separation of powers doctrine, constitutes cruel and unusual punishment under the Eighth Amendment, and infringes upon the right to a trial by jury by failing to require that facts which increase the punishment imposed for the underlying crime be found by a reasonable doubt — these constitutional claims fail.

*Id.* at 110.

The analysis of *Torsilieri II* is dispositive of the issues raised by Appellant and a remand for an evidentiary hearing is unnecessary. *See* 316 A.3d at 97-100 (addressing Subchapter H's irrebuttable presumption and finding it constitutional); 103-110 (analyzing the *Mendoza-Martinez* factors to conclude Subchapter H is non-punitive). *See also id*. at 109 (observing that "Subchapter H includes removal procedures for lifetime registrants").

Based on *Torsilieri II*, we find no error in the court's application of SORNA's Subchapter H lifetime registration requirements to Appellant following his conviction of Aggravated Indecent Assault. This appeal, thus, garners no relief.

- 5 -

Judgment of sentence imposed at CP-45-CR-0001136-2021 affirmed.

Judgment of sentence imposed at CP-45-CR-0001217-2022 affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/12/2024